## Sartain v. Hamilton.

It seems that notice of an opposing claim is not inconsistent with possession and improvements in good faith. Of course when the tenant is cognizant of the claims of another, he must have reasonable and strong grounds to believe in the soundness of his own title, otherwise he cannot claim as a holder in good faith.

A mistake of boundary, where the defendant has failed to employ the legal means (a survey by the proper surveyor) to ascertain the boundaries of his land, cannot constitute the foundation for a possession in good faith, under the statute. This has nothing to do with the principle of equity, where the real owner stands by and permits an ignorant possessor to make valuable improvements, without giving him notice of his claim.

The question, as to the constitutionality of the statute which secures the value of their improvements to possessors in good faith, reserved.

Appeal from Rusk. This is a suit for the recovery of three hundred and twenty acres of land, claimed by the plaintiff, under a patent to one Washington O'Hair. The defendant claimed under a survey, to one Elizabeth Jones, and had settled upon the tract, having erected some buildings, and cleared and cultivated fifteen or twenty acres of the land.

One witness testified that he went with defendant to show him the tract of land, that defendant said was surveyed for Mrs. Jones, and he informed defendant that the land had been surveyed for one Hines, who sold his right to O'Hair. Another witness testified to the admissions of defendant that the plaintiff had notified him not to make any more improvements on the place, that he was not able to pay for them and would not do so ; that at that time there were fifteen acres cleared and fenced, a small smoke house half way up, and logs for another house. It was proved by the County Surveyor, that the survey of Elizabeth Jones did not include the improvements made by defendant. The plaintiff produced the patent of O'Hair, and proved a transfer to himself.

On the part of the defence, S. P. Hollingsworth said that

previous to defendant's settlement, he called upon him for advice, and upon examination of the papers connected with the Jones survey, and knowing the certificate to be good, he was of opinion and so informed defendant, that the survey of Elizabeth Jones was a valid claim to the land. The value of the rents and profits and of the improvements was in proof.

The jury found the land for the plaintiff, and also ninety dollars for the rent and use of the premises. As the defendant contends only in this Court, for his right to compensation for the improvements, reference will be made to such portion of the charge of the Court as is applicable to that point in the controversy. The jury were in substance instructed, that if the defendant took the advice of counsel as to the legality of the survey of Elizabeth Jones, and received the opinion that it was good; but instead of settling on the survey of Jones, settled on the land claimed by plaintiff and there made improvements, and if he was notified by the plaintiff at or after his settlement that the land belonged to plaintiff, and not to make improvements for the plaintiff was not able and would not pay for such improvements, then, under such circumstances, the defendant was not a settler in good faith, and could claim nothing for his improvements on that ground. The Court also refused at the request of the defendant, to charge the jury to the effect, that if they believed he settled upon the land, or thought it was the land, that he was advised by counsel was covered by a valid title, it is the same as if he had settled on the land of Elizabeth Jones, and that we must believe he thought it was.

*S. P. Hollingsworth,* for appellant. The only question for this Court to decide, as presented by the record, is, whether or not, the appellant was a settler in good faith, the Court having instructed the jury that, " If you believe from the testimony, that Sartain took the advice of legal counsel as to "the legality of the survey of Elizabeth Jones, (under which

" appellant claimed,) and received an opinion that it was good, " but instead of settling on the survey of Elizabeth, Sartain "settled on the survey here claimed by the plaintiff, and there "made improvements, and if he was notified by the plaintiff at " or after his settlement, that the land belonged to plaintiff,' " &c., that he was not a settler in good faith."

In the Court below a motion for a new trial was made and overruled, and Sartain appealed, and we are of opinion that the Court erred in his instructions to the jury, and should therefore have granted the motion for a new trial.

*Armstrong* and *Pitner*, for appellee.

HEMPHILL, CH. J. The instruction, asked for by defendant, does not embrace any very intelligible proposition, and on that ground it might have been rejected by the Court; but it may have meant, that if defendant believed the land on which he settled to be within the survey of Mrs. Jones, and not in that of the plaintiff, he is entitled to compensation for his improvements, and if such was the proposition it will be seen that there was no error in its refusal by the Court.

The suggestion of improvements by defendant, and his claim to them, is founded upon the statutes allowing compensation for permanent and valuable improvements, to possessors who hold in good faith. It becomes important, then, to ascertain what is a settlement in good faith; and as this is not defined by statute, we must refer to other sources for its definition.

In the Institutes of Asso & Manuel, 1 White, 92, good faith is said to consist in the possessor's believing that the person from whom he received the thing had a right to alien or transfer it. By the Civil Code of Louisiana, Article 495, a *bona fide* possessor is described to be one who possesses as owner by virtue of an act sufficient in terms to transfer property, the defects of which he was ignorant of; he ceases to be a *bona*

*fide* possessor from the moment these defects are made known to him or are declared to him by a suit for the recovery of the same by the proprietor.

Mr. Sedgwick, in his learned treatise on the Measure of Damages, defines a *bona fide* possessor to be one who not only supposes himself to be the true owner of the land, but who is ignorant that his title is contested by any person claiming a better right to it.   (p. 126, 2d Edit.)

This definition is supported by the authority to which he refers, viz: Bright v. Boyd, 1 Story, R. 478; but if it be construed to restrict the quality of good faith to cases only where the tenant is ignorant that his title is contested by one who claims the land under a better right, I apprehend that it does not embrace all the elements which may constitute good faith, and that it would fail to secure rights which our statutes intended to protect.   No doubt the definition, so far as it goes, is sound, and that a possessor holds in good faith who is justifiably ignorant of the rights of the true owner.   But he may also have good faith where he makes an innocent mistake in point of law, for instance as to the construction of a demise, the due execution of a power, and the like, where though aware of the opposing claim, he may have entered in full confidence of the validity of his title.   (Adams on Eq. p. 386, referring, to B. N. P. p. 88.)   Of course when the tenant is cognizant of the claims of another, he must have reasonable and strong grounds to believe in the soundness of his own title, otherwise he cannot claim as a holder in good faith.

Let us now recur to the circumstances under which the defendant claims for his improvements.   He does not claim on the ground of nullity or defect of plaintiff's title, but on a mistake of boundary.   Now this is a mistake for which the defendant can set up no sufficient justification.   It was one in no degree induced by the acts or silence of the plaintiff.   He probably had notice of the plaintiff's claim at the time of his entry.   If not he had such notice shortly afterwards, and should have immediately employed a Surveyor to ascertain

Sartain v. Hamilton.

and fix the boundaries of his survey. This he did not do, or rather it seems that at some time during the controversy, not specified in the record, a Surveyor was called in at the instance of the defendant, who from his examinations came to the conclusion that the defendant had no claims to the land on which the improvements were made ; that they were not covered by his survey. The mistake of the defendant, as to his boundary, was one which did not require the aid of any Court for its correction. His lines could be ascertained without invoking judicial authority, or its powers of construction to settle his rights. And if he failed to employ the legal means of information as to his limits, and intruded upon the land of another, he must pay the penalty of his own folly, and cannot justly claim under such circumstances, that he is holding in good faith ; and more especially where the Surveyor, whose services he secures, reported directly against his claim.

No substantial objection, with reference to the circumstances of this case, is perceived to the charge of the Court, in relation to improvements made after notice that the plaintiff would not and could not pay for them.

Had there been no such notice, it might have been very pausibly urged that the defendant would have been entitled, on the ground that the plaintiff suffered the improvements to be made without notice of his title.

The question in relation to the rights of tenants to be compensated for their improvements, and whether some portions of our statutes on the subject, are or not obnoxious to the provisions of the Constitution, is of very great importance, but it has not been argued with such elaborate research, either in this or any other case before the Court, as would justify a full decision on the subject.

We are of opinion that there is no error in the judgment and that the same be affirmed.

Judgment affirmed.