### J. M. NESBITT, ADM'R, V. A. E. WALTERS ET AL.

1. Parties have a right to a reasonable time for the presentation of the facts to the jury, as well as to comment on those facts, and an arbitrary disregard of these rights by the District Court will, on appeal, be ground of reversal.

2. Ten minutes time *held* an unreasonable limit in this case.

3. It is the duty of the district judge to submit to the jury *the issues* made by the pleadings; and in this case *held*, that where the pleadings showed that the title to land was in controversy, as well as damages, it was error to fail to submit the question of title, and to limit the jury to the question of damages.

4. A claim for improvements made in good faith will not be sustained by proof of mistake as to the boundary lines of the land claimed, unless carelessness be excluded.

APPEAL from Hood. Tried below before the Hon. Charles Soward.

The facts sufficiently appear in the opinion of the court.

*F. H. Sleeper*, for appellant.

*A. J. Hood*, for appellees.

OGDEN, P. J.—On the trial of this cause, after the evidence had been closed, the court of its own motion limited the counsel for plaintiff and defendants to ten minutes in which to present their cause to the jury. This was such an error as will require a reversal of the judgment.

Parties litigant have a right to be heard, by themselves or counsel, and no person shall be deprived of any rights or privileges excepting by due course of law. We think the court in this case attempted to abridge one of the fundamental rights of every citizen, and which we have no right to overlook.

Upon all trials, whether civil or criminal, it is the province and duty of the court to determine all questions of law which properly arise, and to exercise a sound discretion in permitting argument by counsel; but parties have a right to a reasonable time for the presentation of the facts to the jury, as well as a reasonable time to comment on those facts, and to draw therefrom what they may consider the natural and legitimate deductions. What time would be reasonable and proper must depend very much upon the nature of the case, and the facts to be presented, but we think it not subject to the arbitrary dictation of the court or judge. It is true that when an argument has occupied a sufficient time to be fully presented to a jury, and when parties or counsel appear to be laboring to trespass upon and occupy the valuable time of the court, there is and ought to be a discretionary authority in the court to put a stop to useless and impertinent arguments ; but that discretion should rarely be exercised, excepting when demanded by considerations of the greatest public good. The actions of the District Court in this respect, like most other acts, are subjects of revision ; and whenever it is made to appear that the rights of parties may have suffered by the ill-advised or arbitrary exercise of that discretion, this court will never hesitate to interpose its corrective authority. We think the reasons given by the presiding judge wholly insufficient to authorize the action complained of, and that the limitation of time was erroneous.

This suit was originally brought by plaintiff in the form

of an action of trespass to try title, and for damages, but finally assumed the character of an action to settle a disputed boundary. Defendants below disclaimed all title to the land described in plaintiff's petition, but admitted that they, or at least one of them, had enclosed a portion of plaintiff's land in their farm, and had it, at the time of the institution of this suit, under cultivation. But there was a contest and disagreement between plaintiff and defendant, who owned land adjoining each other, where the division line run, and it appears that professional surveyors who had attempted to find and run the dividing line disagreed. The plaintiff prayed for a decree settling that question, and for a judgment for the rents and profits of that portion occupied by the defendants.

A surveyor was appointed by the court to run that line, but the court wholly failed to present any issue to the jury for the determination of that main question. This was error. The great object of suits at law or in equity is to settle disputes and adjust the rights of parties who come before the courts with their complaints. And yet the judgment of the court in this case does not pretend to settle the main issue between the parties, but simply attempts to settle the secondary demands for rents and improvements, without determining the quantity of land for which the plaintiff below was entitled to rent, nor how much improvements for which the defendants were entitled to a credit. These questions, then, were not properly presented ; and as the court, at the instance of defendants' counsel, instructed the jury "that the only question for determination is, Has the plaintiff been damaged by the defendants, and, if so, how much?" we have failed to discover any issue whatever which was properly presented to the jury. Even counsel here widely disagree as to what were the real issues, and as to what should have been determined by the judgment of the court.

· And as this cause will be reversed and sent back for a new trial, we deem it proper to indicate what, in our judgment, should have been determined in the court below, as the case is presented by the record.

The first and principal ground of complaint, and cause of this action, is the disputed boundary ; and, second, the question of rents and damages. There is no evidence of damages, other than the use and occupation of the land, and that is covered in the demand for rent. We, therefore, conclude that the only demands made by the plaintiff were the settlement of the boundary line, and the rents ; while the defendants, or rather one of them (since we can discover no cause of action against the two younger Walters), sets up an adverse boundary line, and a claim for improvements. These were all the questions which required determination, and all of which should have been settled by the judgment.

We deem it proper further to remark, in view of the peculiar instructions by the court, and the earnest claim by defendants for the value of the improvements put upon the land, that they cannot be regarded as possessors in good faith, such as would entitle them to a compensation for improvements, or to have their improvements offset as against the rents. They had no title, or color of title, to the land covered by plaintiff's patent, and claimed none. Indeed, it is in proof that the senior Walters, at the time of his purchase, knew, or was informed, that the field he was purchasing ran over upon the land of appellant. They are, therefore, no *bona fide* possessors, but must be regarded as mere trespassers, and as such entitled to no compensation for their improvements. (Dorn v. Dunham, 24 Texas, 380 ; Sartain v. Hamilton, 12 Texas, 222.) In this latter case the question now under consideration was directly presented, and the court says: "He does not claim on the ground of the nullity or defects of plaintiff's

title, but on a mistake of boundary. Now, this is a mistake for which the defendant can set up no sufficient justification, * * and he cannot justly claim, under such circumstances, to be a holder in good faith."

For the errors here indicated, the judgment of the District Court is reversed and the cause remanded, to be proceeded with in accordance with this opinion.

REVERSED AND REMANDED.