### B. D. McKIE, EX., ETC., v. SIMPKINS & SIMPKINS.

(No. 2421, R. Book No. 4, p. 244.)

APPEAL from Navarro County. Opinion by WILLSON, J.

§ 278. *Practice; non-suit by plaintiff; how far it affects defendant's plea in reconvention.* It is provided by statute that " at any time before the jury have retired the plaintiff may take a non-suit, but he shall not thereby prejudice the right of the adverse party to be heard on his claim for affirmative relief." [Rev. Stats. art. 1301.] And again: " Where the defendant has filed a counterclaim seeking affirmative relief, the plaintiff shall not be permitted by a discontinuance of his suit to prejudice the right of the defendant to be heard on such counterclaim." [Rev. Stats. art. 1260.] Manifestly the purpose of these provisions is to secure to the defendant a hearing upon his claim in the suit in which it is pleaded, and to prevent the plaintiff from avoiding such claim by a discontinuance.

But where plaintiff on the trial asked leave *to take a non-suit and to reinstate his case, and that it be continued until next term,* which, though not in writing, was granted over objection of defendant, and on the next day defendant moved the court to proceed with the case and give him a judgment on his plea in reconvention, which

motion the court declined to entertain; and at the next term defendant moved *in limine*, asking the court to strike the case from the docket because the same was improperly on the docket, plaintiff having never filed a written motion to reinstate the case after taking his voluntary non-suit, *held*, that the object of the non-suit was not to prejudice the rights of defendants to be heard upon their adverse claims, and such in fact was not the consequence of the non-suit. The rights of defendants were in no manner prejudiced or affected by the non-suit, for the judgment of non-suit and the judgment setting it aside and reinstating the case for trial were simultaneous, and one and the same order of court. While this was an irregularity in practice which is not to be commended, we cannot perceive that in this case it has prejudiced the rights of appellants, and is not that character of error which demands a reversal of the case.

§ 279. *General demurrer; jurisdiction.* Where plaintiff's petition showed on its face that the defendant, the executor of the estate, was not within the jurisdiction of the court, *held*, that a general demurrer on that ground was not maintainable, or should not prevail, where it further appeared from the face of the petition that the subject matter was within the jurisdiction of the court. [Life Ins. Co. v. Ray, 50 Tex. 511.] Such a defect can only be presented by a plea verified by affidavit, where the matter does not appear of record. [Art. 1265, Rev. Stats.] If the estate of Elliott was being administered in Navarro county, there could be no question but that the suit was properly brought in that county against McKie as executor thereof. [R. S. art. 1198, subd. 6.] If the estate was being administered in some other county, and that fact was sought to be made a ground for defeating the suit for want of jurisdiction, it must either appear of record, or be shown by special verified plea.

§ 280. *Special answer; good faith and improvements.* Where defendant's special answer alleged that he took possession of the premises in good faith, believing the

114

same to be the property of the estate, and held the same for two years, making valuable improvements thereon, but does not allege the facts inducing him so to believe, *held* that, even if such plea was proper in a case of this character (action for rents and damages), it was substantially defective, and exceptions to it were properly sustained.  [Dorn v. Dunham, 24 Tex. 376; Pennell v. Davis, 19 Tex. 382; Sartain v. Hamilton, 12 Tex. 223; Houston v. Sneed, 15 Tex. 307; Nesbitt v. Walters, 38 Tex. 576.]

§ **281.** *Trespasser; equitable defenses by.*  A trespasser and wrong-doer cannot set up equitable rights of third parties, who do not themselves assert such equities, to shield him from the consequences of his wrongful acts. [Shields v. Hunt, 45 Tex. 424; Wright v. Thompson, 14 Tex. 558; Burleson v. Burleson, 28 Tex. 383.]

§ **282.** *Independent executor; judgment against.*  Where a will dispenses with the action of the county court in reference to the estate, a judgment against the executor will be enforced against property of testator in his hands by execution, as in other cases.  [Rev. Stats. art. 1344.]

Affirmed.