## B. D. McKIE, Exr., v. SIMKINS & SIMKINS.

### COURT OF APPEALS, GALVESTON TERM, 1883.

*Non-suit—Reinstatement.*—Where the judgment of non-suit and the judgment setting it aside and reinstating the case for trial were

simultaneous, and one and the same order of the court, the rights of defendants could not be prejudiced thereby.

*Jurisdiction—Pleading.*—If administration is pending in some other county, and that fact is sought to be made a ground for defeating a suit against the executor, for want of jurisdiction, a general demurrer will not reach the supposed defect. It must either appear of record or be shown by special verified plea.

*Rents and Damages— Counter-claim for Improvements.*—In an action against an executor for rents and damages, the plea setting up improvements on the land, based on the belief that the premises belonged to the estate of which he was executor, was substantially defective. The executor should allege the facts which induced such belief.

*Outstanding Title—Equity.*—Even when properly pleaded, an outstanding equitable title is no defense to an action for trespass and damages. A trespasser and wrong doer cannot set up equitable rights of third parties, who do not themselves assert such equities

### ON MOTION FOR REHEARING.

Appeal from Navarro county.—Opinion by Wilson J.—At our last term at Tyler, the judgment of the court below in this case was affirmed. On a motion for rehearing filed by appellants, the case is again before us for consideration, and not having written an opinion on the former disposition of the case, we now, on request of appellant's counsel, will give our view of the several questions presented, in writing. In order that our views may be better understood, we extract from appellant's brief the following correct statement of the case, as shown by the record : On the 28. of April 1881, Simkins & Simkins appellees, here plaintiffs, brought suit against B. D. McKie as executer of the estate of Jacob Elliott, deceased and against Mrs. Eva McKie, Mrs. H. P. Walker, Mrs. Lee Walker and Mrs. Ann Elliott, for the sum of five-hundred dollars, claiming that they were entitled to that amount on account of defendants, McKie and others, occupying a farm in Navarro county for two years, 1879 and 1880, and because during their occupancy they cut down two-hundred dollars worth of timber on the premises. Defendants below, appellants, answered by general demurrer, general denial and a special answer by B. D. McKie and H. P. Walker, which answer alleges, first, that the said Mckie as executor, believing that the place described in plaintiff's

petition was the property of his testator, Jacob Elliott, and finding the same unoccupied, did on or about the first of January, 1879, take possession of it, and placed thereon as his tenant H. P. Walker; that during their occupancy they placed large and valuable improvements thereon, which were of much greater value than the rents etc., praying that said amount be allowed as a set off. Answer further states that H. P. Walker owned and left on the premises, a large lot of sugar cane, to wit about 7000 stalks, worth the sum of $216.19; that Simkins & Simkins had taken and received the benefits of the sugar cane, and concluding with a prayer that defendants have judgment agianst plaintiffs, Simkins & Simkins, for their improvements and the value of the sugar cane, and for general relief.

Simkins & Simkins excepted to that portion of defendant's answer setting up improvements, and the same was stricken out.

The case went to trial, on the 27th of July, 1881, a jury being waived. On objections of defendants the court refused to allow plaintiff's to introduce evidence showing that they were the owners of the land described in their petition, on the ground that there was no allegation of ownership in their petition, at which time plaintiffs asked leave to *take a nonsuit, and to reinstate their case, and that it be continued until next term.* which leave the court granted over the objections and exceptions of defendants, McKie and others.

On the next day, 28. day of July, defendants filed a written notice asking the court to proceed with the case and give them a judgment against Simkins & Simkins, under their pleadings in reconvention, which motion the court declined to entertain. At the next term of the court defendant filed a verified motion *in limine*, asking the court to strike the case from the docket, because the same was improperly on the docket, plaintiff never having filed a *written motion* to reinstate the case after they had taken a voluntary non-suit. *The motion being overruled* defendants then asked leave and filed their "second amended original answer," the same alleging substantially what was contained in the "first amended original answer," stating in addition that the trees and timber charged to have been cut in plaintiff's petition were never moved off the place, but were used in placing improvements thereon, and that plaintiffs were getting the benefit of said

improvements, and that it would be unjust and inequitable for plaintiffs to have said improvements and recover here ; also concluding with prayer as above set forth, asking for a judgment over against plaintiffs and for general relief. Plaintiffs then dismissed as to all the defendants, except B. D. McKie and Mrs. Ann Elliott.

Upon this state of the pleadings with the above two defendants, the case went to trial at the November term of the county court. The court excluded all the evidence offered by defendants under their special answer as to improvements etc., and the jury rendered a verdict against B. D. McKie, executor, and judgment was rendered against him for $208.84.

Defendants filed a motion for new trial. which being overruled, gave notice of appeal to the court of appeals, assigned errors and brought the case into this court by appeal.

Appellant insists that the court erred in permitting appellees to take a non-suit, and in afterwards reinstating the case, and allowing it to be tried. He contends that the action of the court in this matter was in violation of the statute. Article 1301, of the Revised Statutes, provides that "at any time before the jury have retired, the plaintiff may take a non-suit, but he shall not thereby prejudice the right of an adverse party to be heard on his claim for affirmative relief," and article 1260 of the Revised Statutes provides that "where the defendant has filed a counter-claim seeking affirmative relief, the plaintiff shall not be permitted, by a discontinuance of his suit, to prejudice the right of the defendant to be heard on such counter-claim." Manifestly the purpose of these provisions is to secure to the defendant a hearing upon his claim in the suit in which it is pleaded, and to prevent the plaintiff from avoiding such claim by a discontinuance of his suit. In the case before us, the object of the non-suit was not to prejudice the rights of the defendants to be hard upon their adverse claims, and such in fact was not the consequence of the non-suit. Their rights in this respect were in no manner prejudiced or affected by the non-suit, for the judgment of non-suit, and the judgment setting it aside, and reinstating the case for trial, were simultaneous, and one and the same order of the court. While this was an irregularity in practice, which is not to be commended, still we cannot perceive that in this case it

has prejudiced the rights of the appellant, and is not that character of error which demands a reversal of the case. As to the subsequent discontinuance of the suit as against all the defendants except B. D. McKie and Ann Elliott, such discontinuance was not objected to at the time it was made, and appellant's rights were not prejudiced thereby, and he has no cause to complain of such action of the court. It is assigned as error that "the court erred in not sustaining defendant's general demurrer to plaintiff's petition, inasmuch as plaintiff's petition shows on its face that B. D. McKie was not within the jurisdiction of the court, and this being the case, a general demurrer will not reach the supposed defect sought to be taken advantage of. (Life Insurance Co. v. Ray, 50 Texas, 511.) Such a defect can only be presented by a plea verified by affidavit, where the matter does not appear of record. (R. S., Art. 1265.) In this case it does not appear of record that the 'state of Jacob Elliott, deceased, as executor of which B. D. McKie was sued, was being administered in some other county than Navarro. If the estate was being administered in Navarro county, there could be no question but that the suit was properly brought in that county against B. D. McKie in his capacity as executor of said estate. (R. S., Art. 1198, Sub. 6.) If the estate was being administered in some other county, and that fact was sought to be made a ground for defeating the suit for want of jurisdiction, it must either appear of record, or be shown by special, verified plea. It is unnecessary for us to consider or determine whether or not, if the objection to the jurisdiction of the court had been properly pleaded, it would have availed to dismiss the suit. It is sufficient for us to say, that in the manner presented, the objection cannot be entertained. We are of the opinion that the court did not err in overruling appellant's demurrer to the petition. Another error assigned is that "the court erred in striking out all of defendant's answers setting up improvements while on the land, described in plaintiff's petition." Defendant's special answer alleges that he took possession of the premises in good faith, believing the same to be the property of the estate of which he was executor, and held such possession for two years, and made valuable improvements thereon, etc. He does not allege the facts which induced him to believe that the

premises belonged to Elliott's estate, nor that he had good reasons for believing that they were the property of the estate, but simply that he did so believe. Conceding, without deciding, that in an action for rents and damages, as in the one at bar, it is allowable to plead in reconvention the value of improvements made in good faith, we think the plea in this case was substantially defective, and that exceptions to it were properly sustained. (Dorn v. Dunham, 24 Texas, 376; Powell v. Davis, 19 Texas, 382; Sartain v. Hamilton, 12 Texas, 223; Houston v. Sneed, 15 Texas, 568; Nesbett v. Walters, 38 Texas, 576.) Having sustained exceptions to the plea in reconvention, it was not error to exclude evidence offered by appellant to prove the improvements alleged to have been made upon the premises and their value. Upon the trial, appellant proffered to prove that at the time the rents and damages sued for, accrued, that is, during the years 1879 and 1880, the equitable title to the land was not in the appellee, but was in one Nancy Walters. This proffered evidence was rejected, and we think correctly.

Defendant had not pleaded as a defense the matter he proposed to prove, and not having pleaded it, he cannot complain that he was not allowed to prove it. Plaintiffs alleged in their petition that they were owners of the land, and upon the trial they established by evidence that they were the legal owners prior to the accrual of the cause of action and up to the institution and trial of the suit. This, so far as ownership is concerned made out their case, and even if an outstanding equitable title in another person, to the land, would defeat their suit, it would only be upon a proper plea alleging such outstanding title. But we do not think the defense would have been a valid one, even if it had been pleaded. A trespasser and wrong-doer cannot set up equitable rights of third parties, who do not themselves assert such equities, to shield him from the consequences of his wrongful acts (Shields v. Hunt, 45 Texas 424. Wright v. Thompson 14 Texas 558. Burleson v. Burleson 28 Texas 383.) This action was against B. D. McKie, appellant, as executor of the will of Elliott deceased, which will dispensed with the action of the county court in reference to such estate. In such case the statute provides that the judgment shall be enforced against the property of the tes-

tator in the hands of such executor, by execution, as in other cases. (R. S. act 1344.) Under authority of this statute, we think the judgment in this case was properly rendered and entered. There are other assignments of error which we have not considered, because they are either not deemed material, or are so general in their nature as not to require attention. After a thorough reinvestigation of this case we still hold that the judgment of the court below should be affirmed and the motion for rehearing is refused.