The United States v. Mary W. Schwalby et al., and
Joseph Spence, Jr., v. David S. Stanley et al.

Nos. 554 and 558, Respectively.

1. **Action in Trespass to Try Title for Land Occupied by United States
    Army Officers.**

The proposition that Stanley and his codefendants, although officers of the
    United States and in possession of the lot sued for, by virtue of the authority
    of the United States, could not be sued for the property and the rents, is no
    longer open to contention........................................................ 605

2. **Cession of State Authority.**

The fact that the Governor of Texas ceded to the United States jurisdiction
    over the property is of no importance.  Neither the State nor the United
    States could take plaintiff's property without making compensation, or
    without due process of law........................................................ 605

3. **Suit Against the United States.**

A suit for land by its owner against United States officers occupying it as a
    military post, is not a suit against the United States ...... ............. 605

4. **Improvements in Good Faith.**

Under our statutes, a possessor in good faith may maintain his claim for value
    of improvements by showing, that in the exercise of reasonable diligence
    he has acted upon a well-grounded belief produced by circumstances, such
    as advice of counsel, that he has acquired the title.  It is more a question
    of fact than of law................................................................ 606

5. **Rights of United States—Parties.**

If the United States were parties in the suit, they have not shown error affect-
    ing their rights in the property.  If they are not parties, they are not en-
    titled to appeal.  It is therefore not decided whether they are or were made
    parties to this suit ........... .................................... 607

6. **Limitation of Five Years—Payment of Taxes—Land Exempt.**

Officers of the United States occupying a military post when sued for the land
    may defend under the statute of limitations of five years, although not
    paying taxes.  That the land is exempt from taxation relieves the occupant
    from payment as a requisite to defense under the five years statute of limi-
    tations ................................................................ 608

APPLICATIONS for writs of error to Court of Civil Appeals for Fourth
District, in an appeal from Bexar County.

*R. U. Culberson* and *F. J. Kernan*, for United States.

*George C. Altgelt* and *Joseph Spence, Jr.*, for Spence.

GAINES, CHIEF JUSTICE.—This case was before this court at a
former term, and is reported in 85 Texas, 348.  It was then affirmed.
But Stanley and others having sued out a writ of error to the judg-
ment of affirmance from the Supreme Court of the United States, our
judgment was reversed and the cause remanded for a new trial.  Upon

the second trial, Mrs. Schwalby recovered a judgment for an undivided one-third interest in the lot and for rents, subject, however, to the claim of the United States for improvements alleged to have been made in good faith.   The intervenor, Joseph Spence, who set up title to an undivided one-third interest in the lot, was adjudged to take nothing by his plea of intervention.   An appeal having been taken to the Court of Civil Appeals by the intervenor and the defendants, the judgment was affirmed as to Joseph Spence, and in so far as it gave Mrs. Schwalby a third interest in the lot, but in so far as it allowed for improvements made by the United States on the land, it was reversed and rendered in her favor.

The United States and Joseph Spence have each filed in this court an application for a writ of error.

We will first dispose of the application of the United States.   The assignments of error in their behalf are numerous, but in the main present questions which have been settled by the decision of the Supreme Court of the United States.

The proposition that Stanley and his codefendants, although officers of the United States, and in possession of the lot under and by virtue of the authority of the United States, could not be sued for the property and the rents, is no longer open to contention.   The fact that the Governor of Texas, in pursuance of the authority conferred upon him by law, ceded to the United States jurisdiction over the property, is a matter of no importance.   Neither the State nor the United States had power to take the plaintiff's property without making compensation, or without due process of law.   The statute only authorized the cession of jurisdiction over the lands to which the United States had acquired title.   Besides, the cession simply fixed the political status of the ceded territory, and did not affect the title to the land.

To the proposition that the United States can not be sued without their consent, the answer is, that they have not been sued at all, and no judgment has been rendered against them, except for costs, of which no specific complaint is here made.

But it is complained, that the Court of Civil Appeals "erred in holding that the United States were not innocent purchasers without notice, and in denying them pay for their improvements; because the court had no jurisdiction or authority to determine or adjudicate the rights of the United States of America in the premises."   The United States were not bona fide purchasers.   Their agents knew at the time of the purchase that their vendor had conveyed the land to the person under whom the plaintiffs and intervenor claim.   Although a pur chaser may be induced by the advice of counsel to believe that he is acquiring a good title, if from the conveyances brought to his notice it appears that in law he acquires no title, this belief, however honest, will not protect him.   But it is different with one who claims compen-

sation for his improvements under our statute as a possessor in good faith. The latter may maintain his claim by showing, that in the exercise of reasonable diligence he has acted upon a well-grounded belief, produced by circumstances, such as the advice of counsel, that he has acquired the title. Whether there be good faith or not, is more a question of fact than of law. Saunders v. Wilson, 19 Texas, 194. But the application in this case does not advise us as to the evidence upon which the Court of Civil Appeals acted in determining that the claim for improvements should not be allowed; and therefore we can not say that they were wrong in their conclusion. The only fact stated with reference to this matter is, that the attorney who represented the United States in the purchase "testified, that he had information of the sale to Duncan B. McMillan, but had satisfied himself that McMillan had not paid the purchase money." This isolated statement is clearly not sufficient to show good faith. Did he advise the agents of the United States that the title was good? Did they act upon that advice, believing the United States were getting a good title? Upon these questions the record before us is silent.

This brings us to the consideration of the reasons stated in the assignment why the ruling of the Court of Civil Appeals upon this matter is claimed to be erroneous. We incline to the opinion that the court, as asserted, "had no jurisdiction to determine or adjudicate the rights of the United States in the premises." At all events, this may be conceded; for, as we construe the judgment, the court have not undertaken to adjudicate their rights. No judgment for the value of the improvements could be given in favor of Stanley and his codefendants. The compensation, if any was justly due, belonged not to them, but to the United States. A judgment could not be given in favor of parties defendant for money which belonged to another.

Upon the former appeal in this case we held, that the United States were not parties to the suit. This did not involve a holding that they did not have the right to appear through their attorney and to make defense of their own right in behalf of and through their officers. The Supreme Court of the United States, in determining the case in that court, seem carefully to have avoided expressing any opinion upon the question. Was the Attorney-General authorized to instruct the district attorney to make the United States parties defendant to the action? If so, it was proper for them to urge the counter-claim for improvements; and if aggrieved by the judgment, to appeal the case in their own behalf. If not, can it be maintained either that they could ask a judgment in their own favor, or that they would be entitled to sue out a writ of error? If, without submitting fully to the jurisdiction of the court, they can conclude by judgment the plaintiff's claim against themselves, or can appeal from any judgment that has been or might have been rendered in the case, it occurs to us that

they occupy a very favorable, but a very anomalous position. Since, however, we conclude, that treating them as parties they have shown no error for which the judgment ought to be reversed, we deem it unnecessary to decide whether they are parties or not. If not parties, it seems the writ ought to be refused for that reason; if a party, it ought to be refused upon the merits.

It is accordingly ordered, that their application be refused.

The ground upon which the intervenor Spence prays a writ of error is, that the appellate court erred in holding that his suit was barred by the statute of limitations of five years. That Stanley and the other defendants, who were in possession of the property as officers of the Federal government, are entitled to plead the statute of limitations in right of the government, whose officers they were, is settled by the decision of the Supreme Court of the United States. The statute of five years was pleaded in bar of the action, and it was proved that the United States had held possession during that period, under a deed duly registered. The contention is, that without proof of the payment of taxes, the bar of the statute is not complete. Article 3193 of the Revised Statutes reads in part as follows: "Every suit to be instituted to recover real estate against any person having peaceable and adverse possession thereof, cultivating, using, or enjoying the same, and paying taxes thereon, if any, under a deed or deeds duly registered, shall be instituted within five years," etc. Lands owned and occupied by the United States for military purposes are not subject to taxation. Rev. Stats., art. 335. In Mitchell v. Burdett, 22 Texas, 633, Mr. Justice Roberts, in treating of the sixteenth section of the Act of February 5, 1841, says: "To acquire a right to land under this section, the party must show a deed duly registered, and possession of the land under his deed for five years, and such possession must during that time be attended with the usual incidents of full ownership; that is, the advantage of cultivation, use, or enjoyment, and the burden of paying taxes, if any be due. It rests on the idea, that he who can show that he has thus notoriously claimed and used, and borne the burden of property as his own, is most likely to be the true owner, although he may not be able to exhibit a regular chain of title from the government," etc. As was said in Dutton v. Thompson, 85 Texas, 119, "It is not very clear why the Legislature made the payment of taxes necessary in order to sustain the defense based on five years' possession under a recorded deed;" but we think the remarks of Judge Roberts, quoted above, indicate the motive which prompted the provision. The payment of taxes is an incident of ownership, and a circumstance which tends to show an honest belief, on the part of one claiming under a deed, in the justice of his title. The words "if any," in the article quoted, show clearly that it was contemplated that cases might arise in which, by reason of the exemption of the property or

of the person who possessed and claimed it, no taxes would be collectible upon it; and they manifest with equal clearness that the proof of the payment of taxes in such cases should not be required.  If the payment of taxes in ordinary instances is made a requisite of the bar, because such payment is in general one of the indicia of ownership, it is logical that such proof should not be demanded when the defendant is not subject to the burden of taxation.  Property owned by him being exempt from taxation, his payment of tax would indicate not so much his confidence in his title, as a want of such confidence.

We conclude, that it was not necessary to prove that the United States had paid taxes on the land, and therefore the application of the intervenor Spence is also refused.

*Applications refused.*

Delivered March 21, 1895.