## GARCIA v. ZAMORA et al.   (No. 7888.)

Court of Civil Appeals of Texas. San Antonio. Jan. 18, 1928.

Rehearing Denied Feb. 20, 1928.

1. **Pleading** ⚖️205(2)—**Failure to make tender cannot be reached by general demurrer.**

Failure to make tender cannot be reached by a general demurrer.

2. **Trespass to try title** ⚖️35(1)—**Whether, in deed tainted with fraud, property was community or separate, held immaterial.**

Whether property conveyed by deed tainted with fraud and involved in trespass to try title was community or separate, *held* immaterial as finding of fraud eliminated every other matter of complaint.

3. **Evidence** ⚖️588—**Jury properly discarded testimony permeated with air of insincerity and falsity.**

Testimony which was permeated with air of insincerity and falsity *held* properly discarded by jury.

4. **Appeal and error** ⚖️971(2)—**Testimony of witness which was confused and contradictory held for trial court.**

In trespass to try title, wherein witness' testimony was at times confused and contradictory, *held* that witness' competency to testify was for trial court, since it was in a better position to judge of competency than was reviewing court.

5. **Improvements** ⚖️4(2)—**One obtaining deed to land by fraud cannot place improvements thereon in good faith.**

One obtaining a deed to land by fraud and deceit cannot place improvements thereon in good faith.

6. **Trespass to try title** ⚖️25—**Plaintiffs, not instituting action of trespass to try title within two years of alleged fraudulent deed, held not barred by laches, where they inherited land from defrauded person, brought action on her death, and situation of parties had not changed.**

That action of trespass to try title was not instituted within two years after an allegedly fraudulent deed was obtained did not bar relief where plaintiffs, who were heirs to previous owner, who had been defrauded, and who was an imbecile at the time, instituted the suit as soon as their ancestor died; it being shown that the situation of the parties had not been appreciably changed by the delay.

7. **Equity** ⚖️76—**Laches cannot be imputed to one of unsound mind.**

Laches cannot be imputed to a person of unsound mind.

Appeal from District Court, Cameron County; A. M. Kent, Judge.

Action by Preciliano Zamora and others against M. J. Garcia, in which Evangelina Serrata and another, minors, by their next friend, Carmen G. de Zamora, intervened. From the judgment, defendant appeals. Affirmed.

Graham & Graham, of Brownsville, for appellant.

Galbraith & Kleiber, of Brownsville, for appellees.

FLY, C. J. This is an action of trespass to try title to "one certain tract or parcel of land situated in the city of Brownsville, * * * known as part of lot No. 8, in block No. 93," instituted by Preciliano Zamora and sixteen others, appellees against appellant, through a modest little petition covering only a page and a half of the record, which was answered by general demurrer, general denial, plea of not guilty, and eight pages of special defenses. Evangelina Serrata and Angelita Serrata, minors, acting by Carmen G. de Zamora, their next friend, intervened in the suit. The cause was submitted to the jury on special issues, and upon the answers thereto judgment was rendered in favor of appellees, plaintiffs, and interveners in the court below, for title and possession of the land sued for, and in favor of appellant for $1,990, secured by a lien on the property and that appellant pay all costs of the suit.

Appellant alleged that in 1924 he purchased the property in controversy from Carmen de la Rosa de Zamora, an ancestor of appellees, who owned the lot as her separate property. The jury found that appellant perpetrated a fraud on Carmen de la Rosa de Zamora, and thereby obtained from her the deed to the land on the date hereinbefore mentioned. That was the deed relied upon by appellant to show title to the property; appellees claiming it as heirs of the said Carmen de la Rosa de Zamora. If the deed in question was obtained by fraud, then the judgment of the trial court is correct, but, if not fraudulent, then the judgment is erroneous, and yet, upon evidence on that point, 44 assignments of error and 38 propositions have been copied into the brief of 116 typewritten pages.

The evidence sustained the finding of the jury that the deed to the land was fraudulently obtained by Garcia. The consideration was $1,500 and an uncertain sum which Garcia claimed Mrs. Zamora owed him. The deed recited $10, and other valuable consid-

erations. Appellant actually paid Mrs. Zamora $153.40; the balance of the consideration being taxes for three years. The property, part of lot 8, had been rendered in April 26, 1924, for $4,450, which was 60 per cent. of its actual value. In administering the estate of Preciliano Zamora, paternal ancestor of appellees, who died in 1920, two-thirds of lot 8, the property in controversy, was inventoried as the property of Preciliano Zamora, senior. The inventory treated the interest of Carmen de la Rosa de Zamora as one-half, and the other half was allotted to the heirs of Preciliano Zamora, Sr. At the time of the execution of the deed by Carmen de la Rosa de Zamora to appellant, she was 96 years old, and was helpless from a stroke of paralysis. She was in bed, and was moved and fed by her granddaughters. She was treated by them like an infant. She had lost her mind. Her deed to appellant was dated December 16, 1924, and was signed with her mark, and there was testimony tending to show that she had been stricken with paralysis in July or August of the same year, and was perfectly helpless during the year, and an imbecile.

[1] Appellees denied the payment of any consideration to the demented old woman, but alleged that appellant and one Calixtro Hinojosa had appropriated all money to be paid for the land, and consequently that there was no purchase money. The question of tender was not raised in the pleadings, as it is well settled that a failure to make a tender cannot be reached by a general demurrer. Moor v. Moor, 24 Tex. Civ. App. 150, 255 S. W. 231, affirmed 94 Tex. 706. No special exception was urged to the petition. The judgment allowed, however, $1,990 to appellant for the purchase money, to which he was not entitled under the pleadings.

[2, 3] If the deed was obtained by fraud from a woman almost a centenarian, tottering on the brink of eternity, stricken in body and feeble in mind, as the facts clearly indicate, it became a useless thing to inquire whether the property was separate or community estate. Whichever it was, the deed was tainted with fraud. Propositions 2, 4, 5, 6, 10, 11, and 12 are overruled. The finding of fraud eliminated every other matter of complaint from the record as raised by the propositions named. The evidence fully showed that the old woman was incapable of executing a deed for months before she made her mark at the end of the deed to appellant. Youth may recuperate in mind and body, but, when paralysis lays its deadly hand on the very old, its blighting influence on mind and body is never removed. They may linger, but hope is gone, and lingering they will die, as helpless and unintelligent as the newborn babe. Under the circumstances, a man who had induced a feeble, demented old woman to execute a deed could not make improvements in good faith. Whether appellant knew, or did not know, of the probate proceedings had in the case, he knew that a deed had been obtained from a human wreck, broken in mind and body, whose enfeebled hand was held and guided to make a mark to an instrument of whose significance she could have no comprehension. The only witness to the deed was a son of the purported maker by her first husband, who was charged with conspiring with appellant to defraud her out of her property, and in finding fraud he was necessarily included in the fraud of appellant. When his father, Miguel Hinojosa, died, his estate was divided, and he got all that he was entitled to out of the estate. He was quite uncertain in his testimony, and constantly correcting, or pretending to correct, his statements, and admitting contradictory statements made by him theretofore. He admitted his mother had an attack of "cerebral paralysis along the middle or early part of 1924," but was able to walk, with assistance, at the time she executed the deed to Garcia, and also was partially paralyzed in her limbs. According to his testimony, the act of Garcia in buying the property was actuated by charity and the most kindly spirit, although he did not pay a third of the value of the property. The jury very properly discarded his testimony, which was permeated with an air of insincerity and falsity.

[4] The thirteenth, fourteenth, and fifteenth propositions are overruled. The testimony of the witness was at times confused and contradictory, but the trial court was in a better position to judge of her competency to testify than is this court. Contradictory statements may be indicative of another state of mind than that of idiocy. If the evidence of the witness was not permissible, it should have been objected to for reasons offered, and not by attempting to attack the sanity of the witness.

The sixteenth proposition is overruled. The objections to the charge which defined fraud as applied to the facts were because fraud was not shown, and because it did not correctly present the condition of mind that would invalidate a contract. Neither of the objections is tenable. The evidence showed fraud, and that the old woman was an imbecile.

[5] In the charge as to that good faith which should characterize the actions of one who claims to have made improvements in good faith, however inaccurate it may have been, that question was not submitted to a jury, nor should have been, because, under the circumstances surrounding the execution of the deed by Mrs. Zamora, it was utterly impossible for appellant to have acted in good faith in making improvements. A man obtaining a deed to land by fraud and deceit cannot place improvements on that land in

good faith. Appellant cites Sartain v. Hamilton, 12 Tex. 219, 62 Am. Dec. 524, to sustain his contention that a person who by inquiry could have ascertained that he had no title to the land will be protected in making improvements, but the decision is authority to the contrary of that asserted by appellant. The case of United States v. Schwalby, 87 Tex. 604, 30 S. W. 435, does not sustain the contention of appellant, and, if it did, it was afterwards reversed by the Supreme Court of the United States. Neither does the case of Fellers v. McFatter, 46 Tex. Civ. App. 335, 101 S. W. 1065, sustain appellant.

There is no merit in the nineteenth, twentieth, and twenty-first propositions, and they are overruled.

[6, 7] Appellant is in no position to claim laches or limitation as against appellees because they did not institute suit within two years after the fraudulent deed was obtained. The time that elapsed was not an unreasonable one before the suit was brought, and appellees did not by the delay lose their right to sue. The situation of the parties had not been so changed by the delay that one would lose thereby. As soon as Mrs. Zamora died, her heirs instituted this suit, and the imbecility of Mrs. Zamora excused the delay while she lived. Laches cannot be imputed to one of unsound mind. Pom. Eq. Jur. §. 1451. The twenty-second proposition is overruled.

All of the other propositions are not well founded, and will be overruled, and the judgment affirmed.