## MARY JENKS *v.* EDWARD JENKS.

NOTARY PUBLIC—AFFIDAVIT.—There is no statute conferring on notaries public a general power to administer oaths and take affidavits. Such a power is not one of the incidents of the office of notary public, under the law-merchant, and, as it is not, by the statutes of Texas, conferred on notaries of other States, an instrument purporting to be an affidavit, executed before a notary public of another State, by an appellant, stating an inability to give bond, with security, for costs, is not an affidavit, within the meaning of the statute.

APPEAL from Guadalupe. Tried below before the Hon. Everett Lewis.

In this suit, Mary Jenks, the appellant, after judgment in the court below, attempted an appeal. No appeal bond was executed, but there is, in the record, what purports to be an affidavit, made by Mary Jenks, before one M. H. Stephens, who signs his name "M. H. Stephens, notary public, within and for Clark County, Iowa." In this statement of Mary Jenks, thus made in the form of an affidavit before Stephens, she states that she is unable to give the bond and security for costs, required by law, to perfect her appeal.

A motion was made to dismiss, because there was no appeal bond, and no affidavit which would excuse its execution.

*John Ireland,* for the motion.

GOULD, ASSOCIATE JUSTICE.—Whilst the laws of this State empower notaries public of other States to take depositions, to take affidavits authenticating claims against estates, and to take the proof or acknowledgment of the execution of deeds, there is no statute conferring on such notaries a general power to administer oaths and take affidavits. (Gen. Laws, 15th Leg., p. 29, 107; Paschal's Dig., art. 7418.) Such a power is not one of the incidents of the office of notary public, under the law-merchant, and, as it is not, by our statutes, conferred on notaries of other States, the instrument found in the record, purporting to be an affidavit of inability to give bond and security for costs, certified by a notary public of Iowa, is not an affidavit, within the meaning of the statute. (Keef v. Meek, 16 Ill., 408; Griffith v. Black, 10 S. & R., 160.)

Because there is no bond or affidavit to support an appeal, the motion to dismiss is sustained.

MOTION TO DISMISS SUSTAINED.