### T. T. Thames v. James T. Chitwood.

Decided November 17, 1900.

**1. Practice on Appeal.**

The appellate court, in reviewing the action of the county court in dismissing an appeal, is confined to the grounds specified in the motion to dismiss as made below.

**2. Affidavit in Lieu of Appeal Bond—Justice and County Courts.**

Under article 1571, Revised Statutes, relating to appeals in forma pauperis to the county court and providing that the proof of inability to pay costs shall be made before the county judge, or before the justice court trying the case, and that the proof shall be by affidavit, such affidavit may be sworn to before any notary public within the State, under article 4 of the Revised Statutes.

**3. Same—Description of Judgment.**

An affidavit in lieu of an appeal bond to the county court stated the style and number of the cause, the court wherein it was pending, and the date of the judgment, but did not state the nature or amount of the judgment, nor against which party it was rendered. Held that, as read in the light of the transcript from the justice court, the description was sufficient.

**4. Same—Proof Before Justice Court Not in Session.**

Where the affidavit of inability to pay costs is contested, the justice of the peace of the precinct where the case was tried may, under the statute, hear and determine the contest, whether his court is still in session or not. Rev. Stats., art. 1671.

Appeal from the County Court of Bosque. Tried below before Hon. H. C. Cooke.

*Word & Word*, for appellant.

*William M. Knight*, for appellee.

STEPHENS, Associate Justice.—Appellee recovered judgment against appellant in the Justice Court for the sum of $68.61, with interest and costs, from which an appeal was taken in forma pauperis to the County Court, where it was dismissed on motion of appellee, from which judgment this appeal is prosecuted. The grounds of the motion to dismiss the appeal were these:

"1. Because the appellant, T. T. Thames, has given no appeal bond, nor has he filed any legal affidavit in lieu thereof in this: the affidavit filed herein in lieu of an appeal bond was not sworn to either before the county judge nor before the court or justice who tried the case, nor has the county judge of Bosque County certified to the inability of the appellant to pay the cost of appeal, or to give security therefor.

"2. Because said affidavit contains no sufficient description of the judgment sought to be appealed from. It does not state the nature of it, nor does it state in whose favor nor against whom it was rendered."

The affidavit in lieu of appeal bond was filed with the justice of the peace before whom the case was tried within less than ten days after the judgment was rendered, and reads as follows:

"Jas. J. Chitwood v. T. T. Thames. No. 53. In Justice Court Precinct No. 5, Bosque County, Texas, Dec. 27, 1899.

"Now in the above entitled cause comes the defendant, T. T. Thames, and says he is desirous of appealing from the judgment rendered on the 23d day of December, 1899, in the above cause by the Justice Court above said, to the County Court of Bosque County. Defendant further says he is too poor to pay the costs of court, and is unable to give security therefor, that he is too poor to pay the costs of appeal herein, and is unable to give security or bond therefor.     T. T. Thames.

"Sworn and subscribed to before me on this 27th day of December, 1899.                          B. J. Word,
    [Seal]           "Notary Public in and for Bosque County, Texas."

In disposing of the assignments of error complaining of the action of the County Court in dismissing the appeal, we are confined to the grounds specified in the motion to dismiss the appeal, which are quoted above.

As to the first ground, the affidavit having been made before a notary public, and not before the county judge or the justice of the peace who tried the case, we think it is sufficient to say that article 4 of our Revised Statutes provides that "all oaths, affidavits, or affirmations necessary or required by law may be administered, and a certificate of the fact

given, by any judge or clerk of a court of record, justice of the peace, ·or by any notary public, within this State." True it is held in Jenks v. Jenks, 47 Texas, 220, that it was incompetent for such an affidavit to be made before a notary public of another State, but that decision was placed upon the ground that the statutes of this State had not conferred such power upon a nonresident notary public. Article 1671 of the Revised Statutes provides that proof of inability to pay costs shall be made before the county judge of the county where the party resides,. or before the court trying the case, and that the proof shall consist of the affidavit of such party, stating his inability to pay the costs, but does not undertake to state what officer shall administer the oath or affidavit, that matter having been disposed of in article 4 above quoted. It will be observed that no objection was made to the affidavit in question upon the ground that the proof by it of inability to pay costs had not been made before the court trying the case, the record only showing that it had been filed with the justice of the peace who tried the case within the prescribed time, and hence we need not determine the sufficiency of a ground not relied upon in the motion to dismiss the appeal.

As to the second ground of the motion, we entertain no doubt as to the sufficiency of the ·description, especially when read in the light of the transcript from the justice court.

For these reasons the judgment is reversed and the cause remanded for trial on its merits.

·    *Reversed and remanded.*

### ON MOTION FOR REHEARING.

The following is the third ground of this motion: "On appealing from a justice court a proper ·bond or affidavit is essential to confer jurisdiction on the county court. If proof of the inability of the appellant to pay the costs has not been made as the law requires, then the affidavit was not sufficient to confer jurisdiction on the county·court even if the motion to dismiss the appeal did not fairly and clearly present the question. If it is a question affecting the jurisdiction of the county court, then it has not been and can not be waived and may be raised in the future, if the case is reversed. If it can be raised in the future, and will be fatal to the jurisdiction of the county court when it is raised, then it ought to be considered as raised now and disposed of accordingly."

In response to the suggestion ·thus made we have concluded, in view of further proceedings after the case is remanded, to indicate the construction which should be given to the following provision of article 1671 of the Revised Statutes: "Such proof shall be made before the county judge of the county where such party resides, or before the court trying the same, at any time within ten days from and after the date of the judgment rendered therein, and shall consist of the affidavit of said party stating his inability to pay the costs, which affidavit may be contested by any officer of the court or party to the suit; whereupon it

shall be the duty· of the court trying the case, or justice of the peace of the precinct in which said case was tried, or the county judge of the county in which the suit is pending, to hear evidence and to determine the right of the party to his appeal."

It is evident from the latter clause of this quotation that when an affidavit of inability to pay the costs is contested the justice of the peace of the precinct where the case was tried is empowered to hear and determine the contest whether his court is still in session or not. In this respect, but in this respect only, is the article materially different from that adopted by the amendment of 1883 (page 113) as article 1639a of the old Revised Statutes, under which it was held that such an affidavit filed with the justice of the peace after the adjournment of his term of court could not confer appellate jurisdiction on the county court, the article reading: "Such proof shall be made before the county judge of the county where such party resides, or before the court trying the same, and shall consist of the affidavit of said party, stating his inability to pay the costs, which affidavit may be contested by any officer of the court, or party to the suit; whereupon it shall be the duty of the court trying the same, 'if in session,' or the county judge of the county in which the suit is pending, to hear evidence and to determine the right of the party to his appeal." Isbell v. Everhart, 2 Wills. Con. Cas., sec. 658; Lambert v. Telegraph Co., 19 Texas Civ. App., 415; Graves v. Horn, 89 Texas, 77, and cases there cited.

By comparing the two articles it will be seen that in the substitution of 1671 for 1639a no change was made in respect to the officer or court before whom the ex parte proof has to be made, but only in respect to the officer or court before whom proof was to be made in case the preliminary affidavit should be contested.

While it may be technical to hold that the Legislature intended to confer on the justice of the peace of the precinct where the case was tried, after the adjournment of his term, the power to hear evidence and determine the right of the party to the appeal where the affidavit is contested, but did not intend to confer on him, but only on the county judge or court trying the case, the power in the first instance to hear the ex parte proof, we feel bound by the seemingly very strict construction given this class of statutes to so hold. See cases cited above and others in line with them.

On the other hand, if the Legislature did not·intend to make any such distinction, it is difficult to see why the disjunctive "or the justice of the peace of the precinct in which said case was tried" was inserted in the latter clause of article 1761 quoted above and not in the former.

The last sentence of the original opinion will therefore be so modified as to leave open the question of the jurisdiction of the county court over the appeal should proof of the want of such jurisdiction be made when the case is remanded (Hutchison v. Blewett, 58 Southwestern Reporter, 150), but in other respects the motion will be overruled.