WILLIAM SHIELDS ET AL. v. R. B. HUNT.

1. TRESPASS TO TRY TITLE—NOT GUILTY.—A defendant, pleading specially his defenses in addition to the plea of "not guilty," will be held to the defenses so pleaded, the plea of "not guilty" in such case being considered as only requiring plaintiff to make out his case.

2. SAME—PRACTICE.—It is not error to refuse permission to the defendant, after the trial has begun, to withdraw special defenses pleaded. Such action, if permitted, would change the effect of the plea of "not guilty."

3. VARIANCE.—"Coonrod Furnash" is not *idem sonans* with "Conrad Furinash."

4. OUTSTANDING TITLE—EQUITY.—An outstanding equity in the land sued for in trespass to try title cannot be pleaded in defense, unless a connection by the defendant with such outstanding equity be shown.

APPEAL from Cooke. Tried below before the Hon. J. A. Carroll, special judge.

R. B. Hunt brought an action of trespass to try title against William Shields *et al.* for one third of a league of land, patented to Conrad Furinash, and sold by the heirs of the patentee to plaintiff.

The defendant pleaded "not guilty," and by amendment pleaded as an outstanding title a bond executed by Conrad Furinash to Aaron Colvin for title so soon as a patent should be obtained for land upon certificate in his name, the bond bearing date February 26, 1840.

On the trial plaintiff read the patent to Conrad Furinash for the land, and a deed, from parties proved to be heirs of the grantee, to plaintiff.

The defendants offered a bond for title from Coonrod Fernash to Aaron Colvin for one third league of land, which he was entitled to under certificate granted him by Board of Land Commissioners of Washington county, to which plaintiff objected, 1st, because it did not appear that the land was granted under the certificate named in the title bond; 2d, because of the variance—"Coonrod Fernash" is not the same as "Conrad Furinash; 3d, because of the insufficiency of the defense, the defendants not showing that they claimed under the title bond; which objections were sustained.

The defendants then asked leave to withdraw their plea of outstanding title, which was refused.

A verdict was rendered for plaintiff, upon which judgment was rendered.

A motion for new trial was overruled. By an amended motion for new trial, facts were alleged showing an interest in defendants under the title bond to Colvin. The motions for new trial were overruled, and Shields appealed.

*C. C. Potter*, for appellants, cited and discussed Styles *v.* Gray, 10 Tex., 503; Portis *v.* Hill, 14 Tex., 75; Burleson *v.* Burleson, 28 Tex., 383; King *v.* Elson, 30 Tex., 246; Wright *v.* Thompson, 14 Tex., 561; Kinny *v.* Vinson, 32 Tex., 127; Hooper *v.* Hall, 35 Tex., 83; Hemming *v.* Zimmerschitte, 4 Tex., 167; Linthicum *v.* March, 37 Tex., 350.

*Saunders & Boyd*, also for appellants.

*W. O. Davis*, and *Walton, Green & Hill*, for appellees.

MOORE, ASSOCIATE JUSTICE.—It has, at least ever since the decision of this court in the case of Rivers *v.* Foote, 11 Tex., 662, been, we believe, the recognized rule of pleading and practice in actions of trespass to try title, that when the defendant pleads "not guilty," and also pleads specially, the effect of the plea of "not guilty" is merely to impose on the plaintiff the necessity of establishing his title; and, as a consequence, the defendant is limited in his defense to his special defenses, upon which, by his pleas, he has notified the plaintiff he intends to rely. The precise point determined by the court in that case, it is true, was that when the defendant had pleaded his defense specially, the plaintiff could not give in evidence matter in avoidance of such special defense, either by an amendment of his petition or by his replication to the special plea of the defendant. But the ground upon which the court rests its decision, as will be seen from its opinion, is, that "by pleading specially the defendant gives notice of his defenses, and the plaintiff has the right to suppose he will rely on none other, and ought not to be required to come prepared with evidence to meet other defenses than those which the defendant, by his pleadings, has asserted as the matters of defense on which he will rely."

If the rule here announced is correct and whatever may be said of it as an original proposition, we think it has been too long recognized and acted on to be now questioned.

The plaintiff in the court below, it must be conceded, had a right to suppose defendants rested their defense upon either (1) the plaintiff's inability to prove such a title as would warrant a judgment in his favor, or (2) on an outstanding title in Calvin by virtue of a bond for title to the land or a bond for title to the certificate from Conrad Fernash. If so, we cannot perceive upon what principle it can be said that the court erred in refusing to permit the defendants to withdraw their special pleas after the trial of the case had commenced, and thereby change the issues, by giving altogether a different effect to the plea of not guilty from that which it had when the trial began and when the plaintiff announced himself ready and opened his case.

The court did not err in excluding the bond offered in evidence by appellants in support of their special pleas. Either the second or third objections to it justifies the ruling of the court. Certainly it cannot be said that the contract with "Coonrod Fernash" is admissible, without explanation to establish a contract alleged to have been made with "Conrad Furinash." Unquestionably, the name of the obligee in the instrument offered is not *idem sonans* with that of the bond relied on in the pleas. If the party referred to was in fact the same, it was necessary for appellants to have shown it by testimony tending to support such a conclusion. Without the proffer of evidence for this purpose they have no right to complain of the exclusion of the bond by the court. The affidavit of the subscribing witness, upon which it was admitted to probate, in which the name of the obligor is otherwise spelled from what it is in the bond, cannot be regarded as evidence before the jury to prove that the discrepancy is a mere difference in the spelling and pronunciation of the same name.

It was said in the case of Wright *v.* Thompson, 14 Tex., 558, that a mere trespasser, intruding upon land regardless of the rights of either vendor or vendee, cannot defend himself against an action by the vendor, under the bond of the

vendee, as a superior outstanding title, although it shows the payment of the entire purchase-money. The vendor, notwithstanding the execution of such bond, and that as between themselves the vendee has the superior title, still has title in the land, which will authorize a recovery against a mere intruder in no way connected with or holding under the title of the vendee. The same principle is recognized in the case of Burleson *v.* Burleson, 28 Tex., 383. And though general expressions are to be found in other cases discussing the right of defendants to shelter themselves under a valid outstanding title in a third party, which are sufficiently broad to include equitable titles, an examination of the cases will show that it was outstanding legal titles, and not mere equitable rights against the plaintiffs, with which the defendant was in no way connected, to which the court refers. In such cases the rights of the holders of the legal and equitable titles must be adjusted and settled between the parties connected with and interested in them. A mere intruder upon the land cannot call upon the plaintiff to show that a recovery will inure to his own benefit instead of some one else who may be equitably entitled to claim the land from him. A trespasser and wrongdoer cannot set up equitable rights of third parties, who do not themselves assert such equities to shield him from the consequence of his wrongful acts.

It follows that although all the facts alleged in appellant's special plea had been fully established, they would have been ineffectual as a defense. And when this is the case, as has been frequently held by this court, the exclusion of evidence to prove the plea, is not error for which the judgment can be reversed. (Powell *v.* Davis, 19 Tex., 383; Ford *v.* Taggart, 4 Tex., 492.)

It appears probable, from the affidavit accompanying the amended application for a new trial, that the result attained by judgment may operate hardly upon appellants. But if such is the case, it must be attributed to their misfortune in going into the trial without due preparation; for, no doubt,

if their counsel had been furnished with the evidence referred to in his affidavit, to connect their possession with the bond to Colvin, the necessary facts would have been alleged in the special plea to have authorized their admission; or if, through inadvertance or oversight, there had been a failure to make the proper averments to warrant it, on this being made to appear, the court, no doubt, would have granted a new trial. As it was, if there had been no defect in the special pleas, or had appellant been allowed to withdraw them, there is no reason to suppose, without the testimony referred to in the affidavit to the amended motion for new trial, that the result of the case would have been different from what it was. The judgment is affirmed.

AFFIRMED.