JOHN C. ROBERTSON v. SIMPKINS & SIMPKINS.

(Case No. 1702.)

1. DEED — EQUITY — WARRANTY.— One claiming land under a deed with special warranty, which had previously been conveyed by his vendor to another, with a verbal understanding for a reconveyance on stipulated conditions, cannot recover the land, which was afterwards conveyed by the first vendee to a third party at the request of the administrator of the first vendor's estate, such last conveyance not being made in fulfilment of the conditions, but at the request and on the personal guaranty of the administrator, and to settle a debt due from the estate. By such a transaction, the title was not intercepted, and in equity passed to the estate by the last deed, and was not diverted by the warranty contained in the original vendor's second deed.

APPEAL from Navarro.  Tried below before the Hon. L. D. Bradley.

Appellees instituted this suit of trespass to try title against appellant and W. S. Herndon on the 24th day of March, 1883, to recover a tract of land containing three hundred and twenty acres and known as the Josephus Williams survey, claiming the same through a conveyance from Wm. M. Love to D. M. Prendergast, dated March 26, 1868, and recorded two days after date; also, by deed from D. M. Prendergast to appellees, dated June 1, 1877.

Herndon disclaimed, and appellant claimed the land through a conveyance from Wm. Love and G. H. Love to Robertson & Herndon, dated May 29, 1872, recorded October, 1876.  This was a deed with special warranty; also conveyance from Herndon to appellant.

The case as made was in substance as follows:  Love was indebted to Prendergast, and conveyed to him several tracts of land, including that in controversy, in payment of the debt.  Some time afterwards they made a verbal agreement to the effect that when Love performed certain things (not disclosed), and Prendergast had sold off enough of the land to make the amount of the paid debt, then he was to convey to Love the residue of the land.  Love died without performing all the matters mentioned in the agreement.  Subsequently a judgment was recovered against the estates of Love and Elliott for about $9,000, and Elliott's estate compromised one-half the amount by conveyance of land.  Then Love's administrator agreed with appellees to compromise the other half by conveyance of certain tracts of land, including that in controversy.  It was then ascertained that the title to this tract was in Prendergast, who, at the instance and request of Love's administrator, and upon his guaranty, conveyed the same to Simpkins & Simpkins.

Appellant claimed that by that transaction the title passed from Prendergast to the estate of Love, and was there intercepted and diverted by the warranty in the deed to Robertson & Herndon.

The cause was tried by the court, and judgment rendered for the appellees.  The errors relied on are discussed in the opinion.

Sawnie Robertson, for appellant, cited:  Potts v. Dowdall, 3 Houst. (Del.), 369; S. C., 11 Am., 757; Harrison v. Boring, 44 Tex., 255; Taylor v. Harrison, 47 Tex., 454; Browne on Stat. of Frauds, sec. 116; Galway v. Shulds, 27 Am., 351; McCampbell v. McCampbell, 5 Littell (Ky.) (S. C., 15 Am. Dec., 48, and note); Rice v. Manly, 66 N. Y., 82 (S. C., 23 Am., 30); Montgomery v. Edwards, 46 Vt., 151 (S. C., 14 Am., 618).

*Simpkins, Simpkins & Neblett,* for appellees, cited: Perry on Trusts, §§ 77, 97; Duchess of Kingston's Case, 2 Smith's Lead. Cas., p. 727, 6th ed., citing 11 Wend., 110, and 13 Wend., 178; Perry on Trusts, vol. 1, sec. 133; Parker *v.* Coop, Texas Reporter, July, vol. 2, p. 182 (60 Tex., 111); 36 Tex., 661.

WATTS, J. COM. APP.— That Love has no such right to or interest in the land as could have been enforced at the time of the conveyance to Robertson & Herndon admits of no question. If, prior to that time, he had performed all the conditions stipulated in the verbal agreement between himself and Prendergast, still he could not have enforced a specific performance. For it is well settled that payment of the purchase money and possession of the land, unaccompanied by permanent and valuable improvements, or something equivalent thereto giving an equity in the land, will not exempt such a contract from the statute of frauds. Ann Berta Lodge *v.* Leverton, 42 Tex., 18.

It is not made to appear, however, that any of these conditions had been performed by Love at that time. Nor does it appear that these conditions have ever been performed in whole either by Love in his life-time or by his representatives since his death. Even had this been shown, still it sufficiently appears from the record that Prendergast had never made the sales of land which was a condition precedent to his promised conveyance of the residue, whatever that might be. Therefore, if the contract was such as could have been enforced, yet it appears that the condition precedent to the conveyance of the residue to Love has not been fulfilled or performed.

The conclusions of law, deduced by the court from the conclusions of fact, are thus stated: "I find that at the time of the conveyance to Robertson & Herndon by Love & Love there was no title whatever in the grantors and none passed under the deed, but the title, both legal and equitable, was in D. M. Prendergast, and the same never passed back in any manner either to Wm. M. Love in his life-time or in his estate after his death, but passed directly and immediately into Simpkins & Simpkins."

As has been remarked, no title passed to Robertson & Herndon by the conveyance, as the grantors then had no title to convey. Then the only remaining question to be considered is, Did the title pass through the estate of Love in the conveyance from Prendergast to Simpkins & Simpkins, and was that title intercepted and diverted by reason of the special warranty in the deed from Love & Love to Robertson & Herndon?

As a conclusion of fact the court found that Prendergast made

the conveyance at the request of Love's administrator, relying upon his promise to either pay Prendergast the value of the land in money or else convey to him lands of equal value, in the event it became necessary to enable him to realize the amount of the former debt of Love. The result of the conveyance was the settlement of the judgment against the estate of Love.

It is immaterial as to what motive prompted Prendergast to make the conveyance. As it clearly appears that the conditions stipulated in the verbal agreement had not been performed, it could not be considered a conveyance consummating that verbal understanding. It is true the conveyance was made at the instance and request of the administrator, but it was not done in consideration of the performance of the conditions imposed by the agreement between Love and Prendergast.

This conveyance, as appears from the evidence and finding of the court, was made in consideration of the guaranty of the administrator, by the terms of which he is personally bound to Prendergast. From this it would seem that the estate of Love did not, by reason of the transaction resulting in the conveyance to Simpkins & Simpkins, acquire any enforceable equity in the land. To illustrate that proposition, suppose that the judgment against the estate was void or in fact had never existed, but was simulated, the estate could not maintain an action to set aside the conveyance and secure an investiture of title; and that results from the fact that the estate of Love had paid no consideration for the conveyance from Prendergast to Simpkins & Simpkins.

In short, no interest in or right to the land passed through the estate by reason of that conveyance.

Our conclusion is that the judgment ought to be affirmed.

AFFIRMED.

[Opinion adopted March 4, 1884.]