## HARRIET WEST v. GILES WEBSTER.

Decided April 29, 1905.

**1.—Parol Gift of Land—Specific Performance.**

Mere possession of land under a parol gift does not entitle the donee to a specific performance and a divestiture of title out of the donor. In such cases the making of permanent and valuable improvements is also necessary.

**2.—Limitations—Adverse Possession—Issue for Jury.**

Where plaintiff claimed land ·by parol gift from defendant and by limitation under the ten years' statute, and possession for over twenty years was shown, the mere fact that eight or nine years before the trial she permitted defendant, without objection, to remove the cabin on the lot to an adjoining part of the lot which he had sold to another, did not warrant the court in assuming as a matter of law that she was not holding the remainder of the lot adversely, and the issue of limitation was for the jury.

Appeal from the District Court of Dallas. Tried below before Hon. Richard Morgan.

*Cecil L. Simpson,* for appellant.—Cited on the point that it was error for the court to peremptorily direct a verdict: Joske v. Irvine, 91 Texas, 574; as to parol gifts of land and what state of facts make such gifts binding: Murphy v. Stell, 43 Texas, 135; Montgomery v. Carlton, 56 Texas, 364; Wootters v. Hale, 83 Texas, 567; Woolbridge v. Hancock, 70 Texas, 41; and as to title by limitation: Smith v. Garza, 15 Texas, 155; Gillespie v. Jones, 26 Texas, 346; Moody v. Holcomb, 26 Texas, 714; Mims v. Rafel, 73 Texas, 303.

*Kearby & Kearby,* for appellee.—Unless the value of the property will more than offset the value of the use of the land during the tenancy of the occupant, the statute of frauds will not be defeated under a parol gift or sale. Ann Berta Lodge v. Leverton, 42 Texas, 25; Bridely v. Owsley, 74 Texas, 71; Robinson v. Davenport, 40 Texas, 342; Robertson v. Simpkins, 61 Texas, 461; Sales Real Estate Laws, art. 801, p. 438; Dugans Heirs v. Colville, 8 Texas, 127; Neatherly v. Ripley, 21 Texas, 434; Sullivan v. O'Neill, 66 Texas, 433.

RAINEY, Chief Justice.—This is an appeal from a judgment rendered in an action to remove cloud from title to a lot of land in the city of Dallas brought by Jane Webster against Giles Webster. Jane Webster died, and the suit was continued by her daughter, Harriet West. Jane Webster claimed the lot by parol gift from Giles Webster, and by ten years limitation. This was controverted by Giles Webster, and these two issues constitute the controversy herein.

The evidence shows that Jane Webster was the widow of Giles Webster's brother. About twenty-five years ago she moved onto the lot in controversy by permission of Giles Webster and remained there until her death after the institution of this action. She claimed that the lot was given to her, and Giles Webster claims she occupied it only as tenant at will. She claimed that she added one room to the cabin on the lot and built a fence, but the value thereof is not shown, nor was it shown that said improvements were permanent. It was agreed by the parties to this suit "that there are no improvements on the place of any particular value. The improvements on the place have been on it for many years and are now in a dilapidated condition, were in such condition at the date of the filing of this suit." The title to the lot is in Giles Webster.

The trial judge concluded the evidence did not support Jane Webster's claim, and instructed the jury to return a verdict for Giles Webster, which was done and judgment entered accordingly.

The evidence fails to show the making of such improvements by Jane Webster as to entitle her to a decree for title on the theory of a gift. It is settled in this State that mere possession under a parol gift of land, whatever may be the rule of law elsewhere, does not entitle the donee to a specific performance and a divestiture of title out of the donor. Possession and the making of permanent and valuable improvements is required in such cases. (Woolridge v. Hancock, 70 Texas, 18; Newcomb v. Cox, 66 S. W. Rep., 338; Ann Berta Lodge v. Leverton, 42 Texas, 18.)

We think, however, that the question of title in Jane Webster by the statute of ten years limitation is raised by the evidence. There is testimony tending to show peaceable and adverse possession by Jane Webster for twenty or twenty-five years. But it is contended that she, without protest, permitted Giles Webster to sell the lot to another and remove the house therefrom, and that this conclusively shows she was holding under Giles Webster.

Jane Webster testified on this point, that about eight or nine years before the trial Giles Webster moved the house around some three or

four feet so he could let another man have a lot on the other side of it. She also testified in effect that she had, ever since she went on the lot, claimed it as her own and held it adversely to Giles Webster's ownership, and that the lot claimed by her is the one she has been living on for twenty-five years or more.

Giles Webster testified to the effect that Jane Webster was merely a tenant at will; that he sold part of the lot on which Jane Webster lived to Stribling & Richardson; that he moved the house off of the land when he sold it, without objection by Jane Webster, and that the house was moved twenty or thirty feet.

The testimony, we think, raised an issue as to limitation, which should have been submitted to the jury for their determination. The removal of the house by Giles Webster without objection by Jane Webster, which is an uncontroverted fact, is not of that conclusive nature which warranted the court in assuming that Jane Webster was not holding adversely to Giles Webster. It was a circumstance which the jury were authorized to consider in determining the issue of limitation. Why Jane Webster if at that time she was claiming adversely, did not object to the moving of the house is not shown, but in any event it is not necessarily conclusive of her right, if any she had. If it is true that the house was only moved some three or four feet, as she testifies, it may be that she was willing to surrender that much to accommodate Giles Webster that he might be able to sell the lot to Stribling & Richardson, without intending to surrender the balance of the lot she claimed.

For the reason stated the judgment is reversed and cause remanded.

*Reversed and remanded.*