## M. E. Trimble v. J. B. Burroughs.

Decided June 10, November 11, 1908.

#### 1.—School Land—Lease—Cancellation—Sale.

Evidence considered and held to require the submission of the issue as to whether there had been an informal cancellation of a previous lease of school land at the time plaintiff made application to purchase it. There was no formal entry of cancellation; but the two lessees had ceased to pay rent, one had transferred his rights to the other, and the Land Commissioner had notified the county clerk that the lease had been cancelled and that the land was again on the market, and had accepted an application for the purchase.

#### 2.—Outstanding Equitable Title.

Defendant in trespass to try title can introduce evidence of an outstanding equitable title in a third party only when he shows that he claims under it.

Appeal from the District Court of Tom Green County. Tried below before Hon. J. W. Timmins.

*Wright & Wynn, Brightman & Upton* and *E. Cartledge,* for appellant. —That land leased, such as that here involved, was not subject to sale during the life of the lease. Batts' Rev. Stats., art. 4218s; Tolleson v. Rogan, 96 Texas, 424; Reed v. Rogan, 94 Texas, 177.

That there was not sufficient evidence to show that lease No. 11252 was canceled before appellee applied for this land, and that under the evidence, about which there is no dispute, the trial court should have instructed a verdict for appellant. Patterson v. Knapp, 99 S. W., 126; Patterson v. Knapp, 17 Texas Ct. Rep., 96; Pruitt v. Schrivner, 77 S.

W., 976; Trevey v. Lowrie, 33 Texas Civ. App., 606; Stokes v. Riley, 29 Texas Civ. App., 373; Martin v. Terrell, 97 Texas, 122.

The court erred in refusing to admit in evidence the copy of the application by F. L. Harris to purchase the land in controversy, which application was filed in the Land Office on July 8, 1899, and was awarded November 14, 1899, said copy being duly certified to under the hand and seal of the Commissioner of the General Land Office as being a true copy of the original on file in his office. As to F. L. Harris' application being in form of law: Arts. 4218f, 4218fff, Sayles' Texas Civ. Stats. That the burden would fall on appellant to show the award to F. L. Harris was illegal: Smithers v. Lowrance, 100 Texas, 77. That if sale to F. L. Harris was legal it would devolve upon appellee to show Harris' purchase had been canceled and the land placed on market for resale by the Land Commissioner before appellant applied for it. Bates v. Bratton, 96 Texas, 283.

*W. C. Merchant* and *Hill & Lee,* for appellee.

RICE, ASSOCIATE JUSTICE.—This was a suit in trespass to try title, originally brought in the District Court of Coke County, Texas, against appellant for title and possession of fractional section No. 4, certificate No. 5/121, H. T. & C. Ry. Co., containing 460 1-10 acres of land, situated in said county, and for $500 as damages for removing certain fence posts and wire therefrom, as well as to recover the rental value thereof, alleged to be reasonably worth ten cents per acre per month. The venue of the suit, on appellant's application therefor, was changed to Tom Green County, wherein the same was tried.

On a former appeal of this case the same was reversed and remanded, principally on account of the error of the trial court in sustaining exceptions to defendant's application for change of venue. (See 41 Texas Civ. App., 554.)

Defendant answered by general demurrer, general denial and plea of not guilty.

A jury trial resulted in a verdict in favor of appellee for the land sued for and for rents thereon, in the sum of $391, and judgment was rendered in accordance therewith, from which this appeal is prosecuted.

The land involved in this suit is what is known as public school land, situated in the absolute lease district. The controlling question in this appeal, in our judgment, raised by appellant's first and thirteenth assignments of error, is whether or not the court erred in refusing to give appellant's peremptory instruction directing a verdict in his behalf, but instead thereof, submitting to the jury the question whether or not lease No. 11252, to F. L. and R. H. Harris, of said land for a term of ten years from October 1, 1895, had been canceled at the time the plaintiff made his first file on said land on the 29th of September, 1899, or at the time he made his second file thereon on the 18th of September, 1901.

The facts, briefly stated, are that appellee, being an actual settler on and owner of the west half of survey 314 in block 2, H. & T. C. Ry. Co., which being within the proper radius, on September 26, 1899, in due form of law, applied to purchase the survey in question as an additional section to his home tract, which application was filed in the Land Office

September 29, 1899. Thereafter, on September 18, 1901, appellee made another application in due form to purchase the same land, which on the same day was filed in the clerk's office and duly recorded, and thereafter, on the 24th day of September, 1901, was filed in the Land Office. It was shown that he had made his first payment of 1-40 of the purchase price and executed his obligations in due form under each of said applications. This land was awarded to appellee September 24, 1901, on his first application, his second having been rejected. He paid all of the interest that accrued on said obligations to November 1, 1902, testifying that since 1902 he sent each year the necessary amount of money to the State Treasurer to pay the annual interest thereon, and that the money had never been returned to him.

It was shown on the part of appellant that the Commissioner of the Land Office, on October 24, 1895, by lease No. 11252, of that date, had duly leased said land for a term of ten years therefrom to F. L. and R. H. Harris, but it appeared from a certificate of the State Treasurer that the last rental payment was made thereon September 3, 1898; and it was likewise shown that said lease was duly canceled by the Commissioner of the Land Office September 22, 1902. Appellant's application to purchase said land, duly filed in the Land Office of date September 23, 1902, accompanied with proof of payment of 1-40 of the purchase money, the execution of his obligation therefor and interest payments thereon, and the award of same to him October 10, 1902, were all fully shown, and he testified that at the date of his application he was an actual settler upon said land.

The following evidence was introduced by appellee in rebuttal:

1. A relinquishment of said lease executed in July, 1899, and filed in the Land Office, by R. H. Harris to F. L. Harris, of his leasehold interest in said land.

2. A letter from the Commissioner of the Land Office to the County Clerk of Coke County, under date of July 10, 1900, informing said Clerk that lease No. 11252 had been canceled, instructing him to enter a cancellation thereof upon his records.

3. A notice from the Commissioner of the Land Office, of date September 16, 1901, addressed to the County Clerk of Coke County, stating that the land in suit was again placed on the market, classifying the same as grazing land, valued at $1 per acre, but at this time the rents on said lease were about two years in arrears, and soon after said last letter from the Commissioner to said clerk, to wit, September 24, 1901, an award was made of said land to appellee.

It appears from the testimony of one of the attorneys for the appellant that soon after the decision in the case of Schwarz v. McCall was rendered, which was on the 24th of March, 1900, he told the State Treasurer that he wanted to pay the rentals on said lease, but the Treasurer informed him that he could not accept it, "as his books showed that the lease was at an end," and that he was informed by Mr. Rogan, Commissioner of the Land Office, that a sale of land out of the lease, though illegal, had the effect to cancel the lease. There was no evidence on the part of appellant to show any rights under said lease, nor was it shown that the same had ever been recorded in Coke County.

The court, among other instructions, charged the jury as follows:

"You are instructed that in this case you will return a verdict for the plaintiff (who is the appellee herein) for the land sued for, unless you find for defendant under instructions hereinafter given you. You are further instructed that if you do not find from the evidence that the lease introduced in evidence to F. L. and R. H. Harris had been canceled at the time plaintiff made his first file, to wit, on the 29th of September, 1899, or at the time he made his second file to wit: on the 18th of September, 1901, then you will return a verdict for the defendant, M. E. Trimble. There are two ways to cancel a lease: One is statutory, as where the Land Commissioner under his hand and seal cancels a lease and files said cancellation with the papers pertaining to said lease. The other is what our Supreme Court has denominated an informal cancellation. On the question of an informal cancellation of a lease you are charged that if the Land Commissioner and the lessees (that is, the parties owning the lease) agree together that said lease shall be canceled generally, and as to all persons, then said lease would be canceled; or if the facts exist that authorize a cancellation, which fact is the nonpayment of the lease money for sixty days after the same is due, and the Land Commissioner treats said lease as canceled, and the lessees acquiesce in said Commissioner's action in said matter, then said lease would be canceled. If you do not find that said lease had been canceled as the same is hereinabove explained to you at the time the plaintiff made his first file, on the 29th day of September, 1899, or at the time he made his second file on the 18th day of September, 1901, then you will return a verdict for defendant, M. E. Trimble."

Relative to the refusal of the court to give, in charge to the jury, appellant's peremptory instruction, we understand the law to be well settled that, where the evidence presents any issue under the pleadings, it is always the duty of the court to submit the same to the jury. The facts in this case raise the issue as to whether or not there had been an informal cancellation of the Harris lease at the time of the filing of appellee's applications therefor and the award thereon, and it was the duty of the court to present this issue as raised by the evidence by appropriate instructions for the determination of the jury. (Wallace v. Southern Oil Co., 91 Texas, 21.)

Therefore, if the court gave a proper instruction on the law of informal cancellation, as raised by the evidence, and the evidence is sufficient to warrant the verdict thereunder, then it would seem to us that appellant has no just grounds of complaint as raised by his said assignments of error.

The law provides (article 4218v, Rev. Civ. Stats.) as follows: "If any lessee shall fail to pay the annual rental due in advance for any year within sixty days after such rents shall become due, the Commissioner of the Land Office may declare such lease canceled by a writing under his hand and seal of office, which writing shall be filed with the other papers relating to such lease, and thereupon such lease shall immediately terminate, and the land so leased shall become subject to purchase or lease under the provisions of this chapter."

It is not contended by appellee in this case that there was any formal cancellation of the Harris lease at the time of the filing of his several applications and the award thereon; but it is insisted in his behalf that

the evidence shows an informal cancellation thereof, and sustains the action of the Commissioner in making said award to him, because at said time the annual rental thereon was past due over sixty days, the rent being in arrears for about two years. And it is further contended by appellee that the failure to pay the annual rental on said lease for sixty days after it accrued, the relinquishment of his interest in the lease to F. L. Harris by R. H. Harris, above alluded to, together with the silence and apparent acquiescence of the said lessees and the letters referred to by the Commissioner to the County Clerk of Coke County authorizing its cancellation upon the records and again placing same on the market, and his action thereon in making the award to appellee, constituted a sufficient basis for a valid cancellation of said lease, and justified the action of the Commissioner of the Land Office in making said award.

In discussing the law with reference to an informal cancellation of a lease by the Commissioner of the Land Office, Mr. Justice Williams, speaking for the court in West v. Terrell, 96 Texas, 548, after discussing the facts that the record disclosed no formal cancellation of the lease in that case on the part of the Commissioner, said: "But, aside from this view, we are of the opinion that, even if it be conceded that, in order to put an end to the rights of a lessee under his lease by the mere action of the Commissioner, this formal declaration of cancellation is essential. It is also true that such rights may be terminated by an informal cancellation, when the power to cancel exists and all parties concerned agree to or acquiesce in it. It is certainly not the law that a lease must continue in existence notwithstanding facts have arisen authorizing its cancellation, and all parties consent to and submit to an informal cancellation and a letting or sale of the property as subject to sale or lease. The facts show that such was the character of this transaction, if the formal cancellation was not made; and it is not permissible for a third party, if it would be for the lessee after this lapse of time, to reopen the subject."

In the present case it appears that, while there was no formal cancellation of the lease at the time appellant's applications were made, nor at the time of his award, still it clearly appears that at said time the rents upon said lease were in arrears for about two years, and one of the lessees had relinquished his rights thereunder. They knew that the rents were unpaid, and they likewise knew or could have known that the Commissioner had taken such action as to again place the land upon the market, and he did make an award thereof to appellee. It seems to us these facts were sufficient to authorize the court in giving the charge upon the subject of an informal cancellation, and the jury having found in favor of appellee thereon, we are not disposed to disturb their verdict.

We do not believe that the court erred in refusing to permit appellant to introduce in evidence the application for and the award of the land to F. L. Harris by the Commissioner, for the reason that if the same had been shown it would constitute only an outstanding equitable title in said Harris, which, in the absence of evidence showing any connection therewith on the part of appellant, would constitute no defense to this action. Where an outstanding valid legal title is shown, a party

not connected therewith can plead and offer the same in bar of an action of trespass to try title, but this is not true of only an equitable title. (Capt v. Stubbs, 68 Texas, 222.)

This case is easily distinguishable from that of Patterson v. Knapp, 99 S. W., 125, and other cases cited in support of the doctrine therein announced, in this, that in the present case the lessees are not complaining of the action of the Commissioner in making an award adverse to their lease; but in Patterson v. Knapp, supra, and other cases cited by appellant, the lessees, or the parties in interest thereunder, were asserting rights under the lease. Here appellant is shown to have no connection with nor claim to the lease of the Harrises, but is interposing it as an obstacle to the right of the State to make an award of the land to appellee, after the existence of facts is shown authorizing its cancellation, which can not, as we believe, be legally done.

We overrule appellant's contention complaining of the action of the court in refusing to allow him to introduce evidence showing the cancellation of the award to appellee by the Commissioner, because we believe under the law there was no power or authority in the Commissioner, after making the award to appellee, to cancel the same. This would be the doing of a judicial act on the part of the Commissioner, authority for which is not vested in him under the law, but in the courts.

Believing there is no merit in the questions presented by the remaining assignments, the same are overruled; and finding no error in the record, the judgment of the trial court is in all things affirmed.

### OPINION ON MOTION FOR REHEARING.

Appellant requests that in the event his motion for rehearing herein should be overruled, then that the following additional facts be found by this court to have been proven on the trial below, which we have consented to do, the same being as follows, to wit:

1. We find that the evidence shows that appellant made his application and obligation to purchase the land in controversy on September 23, 1902, and that the same was awarded to him by the Commissioner of the Land Office October 10, 1902.

2. That the payment of the first 1-40 of the purchase price on said application was duly made, together with interest thereon as it accrued regularly each year thereafter until 1905.

3. That the appellant was living upon the land in controversy prior to the date of his application, and continued to occupy the same with his family for three years thereafter, and was living on the land in September, 1901; but we also find in this connection that at the time of the filing of said application and obligation by appellant, as well as at the time of the award thereon to him, the land had been previously awarded to the appellee upon his applications and obligations theretofore made, as stated in the original opinion.

With these additional findings, appellant's motion for rehearing is overruled.

*Affirmed.*

Writ of error refused.