WELLS v. FOREMAN. (No. 1874.)

(Court of Civil Appeals of Texas. Texarkana. Dec. 6, 1917.)

SPECIFIC PERFORMANCE 47 — PAROL CONTRACT — PART PERFORMANCE — RECOVERY OF VALUE.

It is essential to specifically enforce an oral contract for the sale of land that valuable improvements be made on the land, although the price has been paid and possession taken, and the value of the land cannot be recovered in the alternative, but the price can be recovered in a proper action.

Appeal from District Court, Fannin County; Ben H. Denton, Judge.

Suit by T. H. Wells against J. H. Foreman for specific performance of a' parol contract for the sale of land. Judgment for defendant, and plaintiff appeals. Affirmed.

The appellant agreed to give appellee two gasoline engines and certain other personal property of the total value of $750 for a horse and a jack and certain real estate of the total value of $750, the appellee to make a deed of conveyance to appellant for the real estate. The contract between the parties was an oral one. The appellee placed the appellant in possession of the real estate, and both parties were delivered possession of all the personalty they were to get under the contract. The appellant did not make improvements, so far as the record shows, on the real estate after he got possession of the same. The appellee failed and refused to make a deed to the real estate, and the appellant, setting up the facts, sued for specific performance, and "in the alternative to have judgment against defendant for the sum of $750, the value of the said land and premises." The jury made findings of fact on special issues. The court entered judgment for the defendant.

Cunningham & McMahon, of Bonham, for appellant. S. F. Leslie and J. W. Gross, both of Bonham, for appellee.

LEVY, J. (after stating the facts as above). The jury made the special findings that the contract, as pleaded, was made by the appellee with the appellant, and that each party received and was put in possession of all the property agreed upon between them. But the evidence established that the contract was an oral one, and there was no evidence that

the plaintiff had made valuable improvements on the place after he went into possession of the premises. In order to have a judgment of specific performance as to the real estate, as pleaded, it was necessary for the court to find, which the evidence did not authorize, that the plaintiff had made valuable improvements on the place. Therefore the court did not err, it is concluded, in entering judgment as he did for the defendant. For it is an essential, as a firmly established rule, to take a parol sale of land out of the statute of frauds that the vendee on the faith of the transaction has made valuable improvements on the land. Bradley v. Owsley, 74 Tex. 71, 11 S. W. 1052; Robertson v. Simpkins, 61 Tex. 259; Cobb v. Johnson, 101 Tex. 440, 108 S. W. 811. And this court has held, and adheres to the ruling, that there must be not only payment of purchase money and change of possession, but valuable improvements as well must be made upon the property by the vendee. Page v. Vaughan, 173 S. W. 541. See West v. Webster, 39 Tex. Civ. App. 272, 87 S. W. 196. And if the contract, as shown in the record, was legally unenforceable to compel conveyance of the land, then a recovery of "the value of the premises," as pleaded, may not be awarded. But this does not mean that the consideration paid the appellee may not be recovered in a proper suit therefor.

The appellant's assignments are overruled, and the judgment is affirmed. But in affirming the present judgment it is directed that it be done without prejudice to any right of the appellant to have suit for the recovery of the purchase price paid to appellee.