Bigham Brothers v. Port Arthur Canal & Dock Company.

Decided February 26, 1910.

**1.—Damage to Rice Crop—Proximate Cause—Charge Approved.**

In a suit for damage to a crop of rice caused by rendering the water used for irrigating unfit for that purpose, charge of the court upon proximate cause, considered and approved.

**2.—Same—Permanent Injury—Limitation.**

Where the evidence showed that injury to the tillable lands of riparian owners upon a stream would be the natural and permanent result of the construction of a canal, and that such result must have been anticipated as reasonably certain, the owners' cause of action for damage to their lands and crops arose upon the completion of the canal, and limitation would run from that time; and the mere fact that during seasons of unusual natural conditions no injury would result, would not alter the case.

**3.—Same.**

When the injury to land is the natural and necessary result of the construction of a canal, then the injury is permanent and continuous as distinguished from a recurrent injury of a transient character dependent upon accidents and contingencies, and the statute of limitation would run from the completion of the canal and not from the date of any special damage caused by the construction.

**4.—Corporation—Foreclosure Sale—Purchaser—Floating Debts.**

Where a mortgage of the assets of a corporation is foreclosed, and the purchasers, for the purpose of managing the property and taking to themselves the necessary corporate franchises, organize a new corporation, this, not being a continuation of the old organization, is not liable for its debts or bound to perform its obligations unless such liability has been assumed by contract or has been imposed by an operative statute.

**5.—Navigable Waters—Federal Jurisdiction—Canals.**

An artificial navigable canal connecting navigable streams with tide water, is a highway of commerce, and, therefore, under the jurisdiction of the Federal government. A corporate owner of such canal would not have the right to obstruct or otherwise destroy the same to prevent the pollution of the navigable stream.

Error from the District Court of Jefferson County. Tried below before Hon. L. B. Hightower, Jr.

*Smith, Crawford & Sonfield* and *D. W. Glasscock,* for plaintiffs in error.—Defendant is liable if the maintenance and operation of its canal contributed to produce the salty condition of the waters of the bayou, although other cooperating causes, such as stage of the water, winds, tides, and other natural conditions, combined with the instru-

mentality of the canal to produce such results. Ft. Worth & D. C. Ry. Co. v. Scott, 2 Texas Civ. App., 137; San Antonio & A. P. R. Co. v. Gwynn, 4 Texas Civ. App., 344; Wood on Nuisances, section 820.

The court erred in virtually instructing the jury, as it did by its definition of "proximate cause," that in order for plaintiffs to recover, the injury to them must have been caused by the operation and maintenance of the defendant's canal directly, independently and alone, acting "in a natural and continual sequence, unbroken by any new, independent cause," that is, not cooperating and combining with other causes, natural conditions and contingencies.

The special charge should have been given, because the main charge of the court does not sufficiently and clearly distinguish between the permanence of the canal as a structure and the permanence or contrary of the injuries arising therefrom; and the jury might and did believe that if the structure of the canal was permanent—a patent fact—then that the injuries arising therefrom to the plaintiffs were necessarily also permanent, in which case they were told plaintiffs could not recover. Clark v. Dyer, 81 Texas, 342; Austin & N. W. Ry. Co. v. Anderson, 79 Texas, 427; Chicago, R. I. & P. Ry. Co. v. Hiltibrand, 44 Texas Civ. App., 614; International & G. N. R. Co. v. Davis, 29 S. W., 484; Bonner v. Wirth, 5 Texas Civ. App., 560; Gulf, W. T. & P. Ry. Co. v. Goldman, 8 Texas Civ. App., 257; City of Houston v. Houston, E. & W. T. Ry. Co., 26 Texas Civ. App., 228; Houston v. Parr, 47 S. W., 393; Dallas v. Young, 28 S. W., 1037.

The pleadings and the undisputed testimony showing that plaintiff's cause of action is based upon consequential, as distinguished from direct damages, same accrued only upon the actual occurrence of the damage, and was not barred by limitation, and the court erred in submitting such issue to the jury. Chicago, R. I. & P. Ry. Co. v. Hiltibrand, 44 Texas Civ. App., 614; 19 Enc. of Law, 200.

*S. W. Moore* and *Glass, Estes, King & Burford,* for defendant in error.

PLEASANTS, CHIEF JUSTICE.—We copy from appellant's brief the following concise statement of the nature and result of this suit:

"Bigham Brothers, a partnership composed of S. E. Bigham and W. F. Bigham, plaintiffs in error, filed their original petition in the District Court of Jefferson County complaining of the Port Arthur Canal & Dock Company, as defendant, on September 2, 1903, and their first amended original petition on April 4, 1904, to which, on first trial, demurrers were sustained, and they appealed to this court, whose opinion is reported in 91 S. W., 848; and later writ of error was granted by our Supreme Court, whose opinion is reported in 100 Texas, 192, remanding to District Court of Jefferson County for new trial.

"October 25, 1907, plaintiffs in error filed their second amended original petition on which this trial was had, being a substantial repetition of their previous petitions, alleging in substance their ownership of certain tracts, about 630 acres, of land in Jefferson

County, with a frontage of about four miles on Taylor's Bayou, a natural watercourse, in which they allege riparian rights and their previous use of the waters for irrigating rice on said land, same being fully equipped with machinery and canals for the purpose; further setting out the necessity and value of such use, and the peculiar fitness of the fresh waters of the stream therefor; further alleging in detail the natural conditions and topography assuring an ample supply of fresh water in the stream. That defendant owns, operates and maintains a large artificial canal cut from the deep and salty water of Sabine Pass to an intersection with Taylor's Bayou, whereby the salty waters of the gulf are intermittently and recurrently projected into Taylor's Bayou, so as at times, by cooperating with natural conditions, to pollute same and render the waters thereof salty and unfit for rice irrigation. That during the year 1902 plaintiffs in due time properly prepared and planted 450 acres of said land in rice, when by reason of the action of defendant's canal the waters were rendered salty and such crop was lost, whereas it would otherwise have produced about fifteen sacks per acre of the value of $3 per sack, at a reasonable cost to them of $7 per acre; wherefore, they allege their damages for the loss of said crop in the sum of twenty thousand dollars ($20,000), for which they sue.

"Defendant in error filed its second amended original answer October 28, 1907, on which it went to trial, pleading, after general demurrer and general denial, specially that the canal was constructed in 1898 by the Port Arthur Channel & Dock Company in aid of navigation, and virtually by the authority and under the supervision and control of the United States Government, with rights paramount to those of plaintiffs as riparian proprietors; further, that defendant, on January 7, 1902, purchased the canal at foreclosure sale, free from all liabilities, and maintained and operated same in aid of commerce and navigation, with rights superior to those of plaintiffs; and also set up the statutes of limitation of two years in bar; further, that the canal is now owned by the United States; further, that when defendant purchased same, the canal was a public highway and navigable water of the United States, which it could not obstruct, fill up or discontinue, and that its maintenance and operation thereof was solely subject to the jurisdiction and control of the United States.

"To this answer plaintiffs interposed numerous exceptions, as set out in their second amended supplemental petition filed October 29, 1907, all of which the court overruled. The cause was tried by jury October 28, 1907, and resulted in verdict for defendant."

Appellants are the owners of a rice farm on Taylor's Bayou, and as such owners have riparian rights in said stream, as alleged in their petition. In 1902 they planted a rice crop on said farm and, by reason of the salty condition of the waters of said bayou during the season for irrigating, said crop was lost and plaintiffs sustained damage thereby. The evidence is sufficient to sustain the finding that the construction and maintenance of the canal owned and operated by defendant was the proximate cause of the salty condition of the waters of Taylor's Bayou.

Vol. LIX Civil—24.

The first assignment of error presented in appellants' brief complains of the following paragraphs of the charge given by the trial court:

"The court erred in giving that portion of its charge to the jury as follows: 'And if you further believe from a preponderance of the evidence that the presence and existence of the defendant's canal, described in the pleadings before you, was a proximate cause of said bayou being salty or so impregnated with salt water as to render the same unfit for irrigating rice at the point thereon where plaintiffs' said land is situated, as the term proximate cause is hereinafter defined, then you will let your verdict be in favor of the plaintiffs, unless you shall find in favor of the defendant under the instructions given in paragraph three (3) of this charge following; by the expression proximate cause is meant that cause which in a natural and continuous manner, unbroken by any new, independent cause, produces an event or condition which would not otherwise have been produced.' "        . . .

" 'You are further instructed that although you may believe from the evidence that a portion of plaintiffs' said rice crop was lost and destroyed on account of their inability to use the waters of Taylor's Bayou for irrigating purposes at the time complained of by them in consequence of its salty condition, yet, unless you further believe from a preponderance of the evidence that the presence and existence of defendant's said canal was the proximate cause of the condition of such water at such time and place, your verdict must be for the defendant.' "

There was evidence from which the jury might have found that the waters of the bayou would have been rendered salty during the rice season of 1902 by natural causes if defendant's canal had not been in existence, and upon this state of the evidence it was proper for the court to instruct the jury that unless they believed that the existence of the canal was a proximate cause of the damage defendant would not be liable therefor. The definition of proximate cause given in the charge is abstractly correct, and if appellants desired further and fuller instructions embodying the law of cooperating or combined causes they should have requested such instructions. The charge is correct as far as it goes, and we can not say that because of its want of fullness the jury were misled in the application of the law to the facts in evidence. The assignment is overruled.

Upon the issue of limitation pleaded by the defendant the court instructed the jury as follows:

"If you believe from the evidence before you that when the canal was dug and completed, which the pleadings and all the evidence show you connects the deep water of Sabine Pass with said Taylor's Bayou, the condition and character of the waters of said Taylor's Bayou at the point thereon where the land of plaintiffs is situated, was thereby changed from fresh water, or water suitable and fit for the culture of rice, to salt water or water so impregnated with salt as to render the same unfit for rice culture during the irrigating season for rice; and if you further believe from the evidence that such change in the character and condition of the water of said bayou

is of a permanent nature, that is to say, if the evidence makes it reasonably certain to your minds that after the construction of said canal and its connection of the waters of Sabine Pass with the waters of Taylor's Bayou and in consequence of such connection, the waters of Taylor's Bayou, at the point where the plaintiffs' farm is situated, were rendered permanently unfit for the irrigation of rice during the proper irrigation season, taking into consideration all the facts and circumstances which are in evidence before you, then I instruct you that the plaintiff can not recover anything in this case, for the reason that his cause of action, if any he had, was barred by our statutes of limitation long before this suit was filed; and if you so find the facts as submitted for your consideration by this paragraph, your verdict must be for the defendant. On the other hand, if such change in the character of the water of said bayou at the point thereon where plaintiffs' said land is situated (if there is such change produced proximately by the opening of said canal), was or is not of a permanent nature, that is to say, if the jury believe from the evidence that it does not naturally and reasonably follow from the construction and existence of said canal as dug and constructed, that the waters of Taylor's Bayou have been permanently rendered unfit for the irrigation of rice at the point where the plaintiffs' land is situated during the proper irrigating season for rice on account of the salty condition of said water, considering all the facts and circumstances in evidence before you, but that such condition and character of water in regard to being salty was and is only a recurrent condition, and that such condition of water in said bayou at said point during the proper irrigating season for rice could not and can not reasonably be expected to occur at times during the proper season for irrigating rice sufficiently frequent to render the waters of said bayou at said point unfit for the irrigation of rice during the average season in that vicinity, then I instruct you that the plaintiffs' cause of action, if any they ever had, is not barred by limitation."

Appellees' canal was completed in the early part of 1899. This suit was filed on September 2, 1903, and the damages sought to be recovered is the value of a rice crop alleged to have been destroyed in 1902 by the salt water injected into Taylor's Bayou through appellee's canal.

There is evidence which would have authorized the jury to find that the salty condition of Taylor's Bayou at regular periods of time, which include the season for irrigating rice, has existed ever since the completion of the canal, and that this condition of regular recurrent saltiness of the waters of said bayou is the natural and permanent result of the construction of said canal and the operation of the wind and tides in their usual and ordinary manner, and that such result must have been anticipated as reasonably certain from the construction of the canal. We think the charge of the court above set out correctly informed the jury as to the law upon the issue of limitation applicable to these facts.

It seems to us that these facts show a permanent injury to appellants' riparian right to the use of the waters of Taylor's Bayou for irrigating purposes, and the liability for such injury arose and appel-

lant's cause of action therefor accrued upon the completion of the canal.

The evidence further shows that notwithstanding the fact that the usual and ordinary natural result of the construction of the canal was to render the waters of the bayou salty during the irrigating season of every year, that in years in which there were excessive rains before and during such season this salty condition did not exist. We do not think this fact would change the permanent character of the injury to appellants' riparian rights caused by the construction of the canal. If appellants had brought a timely suit to recover damages for the injury to their riparian rights caused by the permanent pollution of the waters of the bayou as the result of the construction of the canal, it would have been no defense to such suit to have shown that whenever there was unusual and excessive rainfall the pollution of the bayou did not occur.

If the jury found the facts before stated as to the natural and necessary result of the construction of the canal to be true, then the injury to appellant by reason of the construction of the canal was permanent and continuous, and not a recurrent injury of a transient character dependent upon accidents and contingencies for each recurrence of which successive actions may be brought, and therefore the statute of limitation would run from the construction of the canal and not from the date of the special damage caused by such construction. Houston Waterworks Co. v. Kennedy, 70 Texas, 233; Lyles v. Texas & N. O. Ry. Co., 73 Texas, 95; Austin & N. W. Ry. Co. v. Anderson, 79 Texas, 427.

The charge given by the court on the issue of limitation being a correct application of the law to the facts in evidence, it follows that the court did not err in refusing the special charge on that issue requested by appellants.

What we have said disposes of all the questions presented by appellants' several assignments, and each of said assignments is overruled without further discussion.

If we are in error in any of our conclusions upon the question presented by appellants' brief, still the judgment of the court below must be affirmed because under the undisputed evidence appellee can not be held liable for any damage which may have been caused appellants by the construction and maintenance of said canal. The canal was constructed by the Port Arthur Channel & Dock Co., and, as before stated, was completed in 1899. When so completed it connected the navigable waters of the Gulf of Mexico with the navigable waters of Taylor's Bayou and became itself a part of the navigable waters of the United States. The Port Arthur Channel & Dock Company became insolvent and was placed in the hands of a receiver in 1900. Thereafter a mortgage lien upon the property of said corporation was foreclosed and at a sale under said foreclosure decree had in February, 1902, the canal and all of the property of said corporation was purchased by S. R. Knott and Max Pam, who assigned their said purchase to the appellee, the Port Arthur Canal & Dock Company. This sale was reported to and confirmed by the court in which the foreclosure was had, and a conveyance of the property to

the appellee was made by the sale commissioner under the order of the court. It is well settled that appellee by purchasing the property did not assume or become responsible for debts or liabilities of its predecessor in title.

Mr. Thompson, in his work on corporations, says:

"Where a mortgage of the assets of a corporation—generally a railway company—is foreclosed, and the purchasers, for the purpose of managing the property and taking to themselves the necessary corporate franchises, organize a new corporation, this, not being a continuation of the old organization, is not liable for its debts, or bound to perform its obligations, although the new company takes the same name as the old one, unless such a liability has been assumed by contract, or has been imposed by an operative statute. This conclusion is obvious on the slightest reflection. It would entirely defeat and destroy the value of a mortgage security upon corporate property, if the mortgagees, obliged to become the purchasers of the property at a foreclosure sale, could organize themselves into a corporation for the purpose of managing it only upon the condition of assuming the floating debts of the old company. The result would simply be to oblige the secured creditors to pay the debts due to the unsecured creditors. Or as Mr. Justice Cooper quaintly remarked, it 'would be a practical illustration of the query, "does prohibition prohibit?" in the form of "does security secure?"'" This principle has been recognized and followed in this State in the following cases: Eddy & Cross v. Hinnant, 82 Texas, 354; Gulf, C. & S. F. Ry. v. Newell, 73 Texas, 339; Settegast v. Houston, O. L. & M. P. Ry. Co., 38 Texas Civ. App., 623 (87 S. W., 196).

At the time appellee purchased the rights of the Port Arthur Channel & Dock Company in the canal it had become a navigable water of the United States, and was and has since remained under the control of the Federal government.

The right of the Federal government to exercise jurisdiction and control over artificial canals connecting the natural navigable waters of the United States, has been long established.

Taylor's Bayou is a navigable water in fact, as shown by the undisputed evidence, and therefore must be so regarded in law, and the canal connecting said bayou with the Gulf of Mexico and thus forming a part of a continuous highway for commerce is a public highway and a navigable water of the United States. Perrine v. Chesapeake & Del. Canal Co., 9 How., 172; Perry v. Haines, 191 U. S., 17.

No negligence on the part of the appellee in the manner of maintaining the canal was attempted to be shown and, from the very nature of the case, the injury to the appellants could only be avoided by obstructing the canal, and this appellee could not lawfully do.

We think it clear that appellee can not be held liable for any of the damage claimed by appellants, and the trial court should have instructed a verdict in its favor. It follows that regardless of whether the charges complained of by appellants are erroneous the judgment of the trial court should be affirmed, and it has been so ordered.

*Affirmed.*