**MISSOURI, K. & T. RY. CO. OF TEXAS v. NORRIS et al. (No. 126–3009.)**

(Commission of Appeals of Texas, Section B. June 23, 1920.)

Carriers ☞322—Negligence of carrier must have caused or concurred in death of passenger.

In action against railroad for injury to shipper when riding in a box car, in absence of affirmative finding that injury in car, and not a subsequent injury in a wagon, was proximate cause of death, or of finding that injury in car and subsequent injury concurred as cause of death, there was no basis for judgment against the railroad.

Error to Court of Civil Appeals of Fifth Supreme Judicial District.

Suit by J. A. Norris and others against Missouri, Kansas & Texas Railway Company of Texas. From judgment for plaintiffs, defendant appealed to the Court of Civil Appeals, which affirmed (184 S. W. 261), and defendant brings error. Judgments of the trial court and the Court of Civil Appeals reversed, and case remanded.

Chas. C. Huff and Lawther, Pope & Mays, all of Dallas, for plaintiff in error.

D. H. Morrow and Carden, Starling, Carden, Hemphill & Wallace, all of Dallas, for defendants in error.

SADLER, P. J. On the 10th day of January, 1914, J. A. Norris was injured at Pottsboro by the negligence of the Missouri, Kansas & Texas Railway Company of Texas. These injuries were caused by making a flying switch with a box car in which Norris was riding as a shipper of household goods, stock, etc. What injuries he received are left uncertain except as to his leg, hip, and a skinned place on his check or forehead. This occurred on Saturday afternoon. Sunday he, with some assistance, loaded some of his freight into a wagon drawn by a span of mules, and started to his home out in the country. He fell from the wagon, receiving additional injuries, the nature and extent of which are not clearly shown by the evidence. He died the following Saturday from hemorrhage of the brain.

Suit was filed by the surviving wife and children against the railway company to recover damages on account of the death of the husband and father.

On the jury's responses to special issues judgment was rendered against the company, from which an appeal was taken by the defendant. The judgment of the trial court was affirmed in 184 S. W. 261, and writ of error granted to the judgment of affirmance.

The recovery is sought upon several theories: (a) That the death of Norris resulted from the injuries received in the box car, that the injuries received in the box car were fatal, and that the negligence of defendant in making the flying switch was the direct and proximate cause of such injuries and death. (b) That on the next day after receiving the injuries in the box car Norris while riding home in a wagon fell therefrom on account of such injuries and received additional injuries. The fall from the wagon is charged to have been the direct and proximate result of the previous injuries. (c) That as the proximate result of the negligence of defendant Norris was injured in his head, chest, left side, left ribs, leg, and hip, and internally. (d) That all the injuries received in the box car and in the fall from the wagon were the direct and proximate result of the negligence of defendant.

The answer of defendant put in issue each of these theories, and further charged that the injuries received in the fall from the wagon were the direct and proximate cause of death, and were produced by subsequent independent cause in no way created by or due to the charged negligence of defendant, or to the injuries received in the box car.

The cause was submitted on special issues, which, so far as necessary to the decision of this case, together with the answers, are as follows:

"(1) Did the deceased, Norris, die from the injury or injuries he got in the box car, and none other? A. No.

"(2) Did the injuries got in the box car contribute to cause the death of the deceased? A. Yes.

"(3) Was the deceased, Norris, faint or sick when riding upon the wagon from which he fell upon the occasion in question? A. Yes.

"(4) Did the sickness or faintness, if any, of the deceased, Norris, while riding upon the wagon result directly and proximately from the injuries got in the car? A. Yes.

"(5) Did the sickness or faintness, if any, of the deceased, Norris, while riding upon the wagon from which he fell directly and proximately cause him to fall off said wagon? A. No.

"(6) Did the deceased, Norris, die from the injuries, if any, he got at the time he fell off the wagon and none other? A. No."

Defendant requested the following issues, which were refused:

"Did the injuries received by J. A. Norris as a result of the collision with the box car, directly and proximately in a natural and continuous sequence, and unbroken by a new cause, produce his death?"

"Would the death of J. A. Norris, deceased, have occurred but for the injuries received by him in the runaway?"

It also requested the court to charge as follows:

"To attribute death to two or more concurrent causes each must be a prominent and efficient cause; for, if one of the alleged causes operates slightly with another one, which is the prominent, efficient cause, then the proximate cause of the death should be attached to the latter."

This was refused.

Defendant also moved for judgment on the findings of the jury because of the answer to special issue No. 5, for the reason that such answer was a finding that the injuries received in the box car and the act of the defendant in causing such injuries did not directly and proximately cause the deceased's fall from the wagon, the consequent runaway, and the injuries and death resulting therefrom?

Complaint is made by plaintiff in error to the finding by the Court of Civil Appeals that as a result of the collision Norris "received injuries to his head, chest, and side" because there is no evidence to support this finding.

### Opinion.

The most important question arises upon the legal effect of the jury's answers to the special issues.

So far as the two sets of injuries which Norris received are concerned, the answers negative any connection between the negligence of the defendant and the fall from the wagon and the injuries resulting from the latter cause. We may premise that the injuries received in the fall from the wagon owe their origin to an independent, unrelated, and subsequent cause from those resulting from defendant's negligence. If these latter injuries were the proximate cause to which death is referable, it is not chargeable to the negligence of defendant.

Under the Bigham Case, 59 Tex. Civ. App. 367, 126 S. W. 324, and subsequent decisions of our courts following the holding there expressed, defendant cannot be held responsible for the result of an independent, intervening cause which did not owe its origin to or have any connection with its negligence.

If the findings of the jury can be said to sustain the court's judgment, it must be based upon some other theory. If the injuries received in the box car were the direct and efficient cause of death, then the negligence of the defendant is the proximate cause of death.

The findings of the jury do not charge more certainly the death of Norris to one than to the other set of injuries. While issues 1 and 6 were very suggestive that Norris died from both sets of injuries, yet they certainly leave in the domain of conjecture to which the jury attributed the greater influence upon the result. In fact, the findings give us no guide pointing the way to the ascertainment of the extent to which either contributed to the death of Norris.

Defendants in error contend that, if the fall from the wagon is an independent intervening cause in no manner referable to the negligence of the railway company, yet the injuries received in the box car so acted upon Norris, and so concurred with those received in the fall from the wagon, as to be responsible along with the latter injuries for the death. This position would merit consideration if that theory were presented by the evidence. This is not done. The effect of the injuries shown to have been received in the box car in bringing about or rendering Norris subject to or as increasing the fatal effects of the later injuries is not made to appear.

Many cases are cited upon this theory. All have been carefully examined. Many not cited have had our attention. The propositions presented by these authorities are all based upon pleading and evidence showing that the recovery is sustained because it is charged and proved that the prior injury exerted a material influence upon the injured party in rendering him susceptible to the effect of subsequent disease or injury, and less able to withstand its deterrent effect upon his system, or when the subsequent disease was the natural and probable result of the injuries. The rule discussed in these cases has no application to that now under consideration because not raised by proof, and it is doubtful whether presented by the pleading.

The jury finding in answer to issue No. 2 cannot assist defendants in error, as it must be considered in the light of the pleading and proof. If it should be said that this is a finding that the injuries in the box car acted materially in conjunction with those subsequently received in producing death, then the finding is immaterial, because not within the purview of the pleading and proof. If it should be construed as a finding that the first injuries brought about the event producing the second injuries, then it is in

direct and positive conflict with the answer to issue No. 5.

Because of the failure of the jury to fix the proximate cause of death, a necessary finding in support of the judgment is wanting. Defendant requested the submission of an issue calling for a finding upon proximate cause of death in relation to the injuries charged to have been received as a result of the collision with the box car. This should have been given, since the court had failed to give the jury the opportunity to pass upon the evidence in this respect. The evidence called for the submission of the requested issue as to the proximate effect of such injuries.

The judgments of the Court of Civil Appeals and district court should be reversed, and the cause remanded for a new trial.

PHILLIPS, C. J. There was no affirmative finding by the jury in this case that the injury received by Norris in the box car and for which the defendant was responsible was the proximate cause of his death. The defendant requested the submission of this issue. Nor was there any affirmative finding by the jury that the injury received by Norris in the box car and the fall from the wagon concurred as the efficient cause of his death. Under this condition there was no basis for a judgment against the defendant, and accordingly there should be another trial.

We make no holding as to the effect of the evidence, nor as to what issues are presented by the evidence. In the disposition made of the case such a holding is unnecessary, and in view of another trial it is pretermitted.

As has been recommended by the Commission of Appeals, the judgments of the District Court and Court of Civil Appeals are reversed and the case remanded to the District Court.