## CRAWFORD v. PERRY et al.
### No. 4308.

Court of Civil Appeals of Texas. Texarkana.
March 2, 1933.

T. N. Jones and Lasseter, Simpson & Spruiell, all of Tyler, and Seay, Seay, Malone & Lipscomb, of Dallas, for appellant.

Pollard, Beauchamp, Lawrence & Lux and Butler, Price & Maynor, all of Tyler, for appellee.

· SELLERS, Justice.

This suit was brought by Mrs. M. P. Perry against John H. Crawford to recover damages under the statute for injuries resulting in death to her daughter, Miss Jennie Mae Perry, which injuries were occasioned by a collision between the car of Miss Perry, deceased, and a Ford truck operated by John H. Crawford·on North Bois d'Arc avenue in the city of Tyler, on May 15, 1931. The trial was before a jury, and resulted in a verdict in favor of Mrs. Perry for $4,714. From a judgment in favor of Mrs. Perry in accordance with the jury's verdict, Crawford has duly prosecuted this appeal.

Appellant's eighth proposition complains of the jury's verdict as being insufficient to support the judgment entered by the court, in that there was no issue submitted to the jury as to whether Miss Jennie Mae Perry's death was the result of the injuries received in the collision. The deceased was injured on May 15, 1931. She died August 22, 1931, some three months after she received the injuries complained of. The evidence as to the cause of her death is conflicting. That an affirmative finding of the jury is necessary on this issue to support the judgment entered by the court in appellee's favor is the holding of Chief Justice Phillips in the case of M., K. & T. Rwy. v. Norris (Tex. Com. App.) 222 S. W. 1097, 1099, wherein it is held: "There was no affirmative finding by the jury in this case that the injury received by Norris in the box car and for which the defendant was responsible was the proximate cause of his death. The defendant requested the submission of this issue. Nor was there any affirmative finding by the jury that the injury received by Norris in the box car and the fall from the wagon concurred as the efficient cause of his death. Under this condition there was no basis for a judgment against the defendant, and accordingly there should be another trial."

Appellee contends that her cause of action in this case arises by reason of the negligent act of the appellant in bringing his car into collision with the car in which her deceased daughter was riding, and that the resulting death as a consequence of that negligence is such an issue as on appeal will be deemed to have been found by the trial court in such a manner as to support the judgment. We do not concur in this view. Under the statute involved, in our opinion, two ultimate fact issues are necessary to support the judgment when the evidence is conflicting: First, the negligent injury; and, second, death as the result of such negligence. Each of these issues under the rule announced in Ormsby v. Ratcliffe, 117 Tex. 242, 1 S.W.(2d) 1084, must be submitted to the jury, and, since the second issue was not submitted, the judgment in this case will not be permitted to stand.

There are a number of other assignments which we will not discuss, since they are either without merit, or, if they present error, they are such as will not likely occur upon another trial.

The judgment of the trial court is reversed, and the cause is remanded.